## 28135. WEST POINT-PEPPERELL, INC. v. MULTI-LINE INDUSTRIES, INC.

JORDAN, Justice. This is an appeal from an order of Troup Superior Court restraining the appellant from any further attempt to compel the arbitration of a dispute between appellant and appellee in the State of New York.

Both the appellant, West Point-Pepperell, Inc., and the appellee, Multi-Line Industries are Georgia corporations. The appellant corporation, in addition to its general office and several plants in Georgia, has plants in several other states and sales offices in New York City, Dallas, Texas, and other cities. The appellee, Multi-Line Industries, placed several orders in the early part of 1972 for knit piecegoods with the appellant corporation, the orders being processed and finalized through the appellant's sales office in New York City. The orders were forwarded for manufacture to appellant's plant located in North Carolina and then delivered by truck to Multi-Line's place of business in Carroll County, Georgia.

A dispute arose between the parties in connection with certain alleged defects in the goods and the appellant, in accordance with the provisions of paragraph 17 printed on the back of each of such

orders, gave notice on March 26, 1973, by certified mail of its demand for arbitration and notice of intention to arbitrate under the provisions of that paragraph. Appellant then filed a petition in the Supreme Court of the State of New York on April 6, 1973, seeking to compel arbitration. A show cause order and temporary restraining order issued thereon and was served upon counsel for Multi-Line on April 9, 1973, said order having set a hearing to be held on April 16, 1973, in New York City to determine whether Multi-Line should be compelled and directed to appear in the arbitration proceedings.

On April 6, 1973, Multi-Line filed its petition for a stay of arbitration and complaint against West Point-Pepperell in the Superior Court of Troup County, Georgia, which was served upon the appellant on April 13, 1973, and contained an order of said court dated April 12, 1973, ordering the appellant to appear before the court on April 19, 1973, to show cause why an order should not be entered granting the motion to stay the arbitration.

On April 16, 1973, Multi-Line having made no appearance in the Supreme Court of New York, an order was issued directing Multi-Line to appear in the arbitration proceedings and restraining and enjoining Multi-Line from commencing or continuing any action in any court to stay the pending arbitration proceedings.

On April 19, 1973, after a hearing which included oral testimony and a duly authenticated copy of the proceedings of the Supreme Court of New York, the trial court issued its order in part as follows: "Ordered and adjudged, that the attempt by West Point-Pepperell, Inc., to compel Multi-Line Industries, Inc., to arbitrate the existing dispute between them is so far contrary to the public policy of this state as an attempt to oust the courts of this state from jurisdiction as to render said attempt void. Therefore, West Point-Pepperell, Inc., is hereby restrained from any further attempt to compel the arbitration of the aforesaid dispute until such time as a final adjudication of this matter can be made by the courts of this state." This order was reduced to writing on May 3, 1973, from which the appellant, with a certificate for immediate review, appeals. *Held:*

1. We hold first of all that the five orders for the manufacture and purchase of these goods was a transaction which involved interstate commerce even though both appellant and appellee are Georgia corporations. The evidence is without dispute that

the orders were received and finalized at the office of the appellant in New York City, forwarded to one of its plants in North Carolina for manufacture, and then shipped to the appellee by truck to its plant in Georgia. Where such a transaction involves commerce, within the meaning of the Federal Arbitration Statute, the state law and policy with respect thereto must yield to the paramount federal law. American Airlines, Inc. v. Louisville &c. Air Board, 269 F2d 811. Section 2 of Title 9 USC provides: "A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

The judgment of the trial court here under review is based solely on the case of *Parsons v. Ambos,* 121 Ga. 98 (1) (48 SE 696), which reads as follows: "Agreements whereby the validity and effect of a contract, or the rights of the parties, are submitted to arbitration may operate to oust the courts of jurisdiction, and are so far contrary to public policy that the submission may be revoked at any time before the award." This case is not applicable to the facts in the present case where the transaction involves interstate commerce. The United States Arbitration Act was intended to avoid the common law rule that an agreement between parties to a contract to settle any dispute between them by arbitration was void and against public policy as an effort to oust the courts of their jurisdiction. See Standard Magnesium Corp. v. Fuchs, 251 F2d 455.

Further, the rule in *Parsons v. Ambos,* supra, is applicable only when there is an agreement to arbitrate *all questions* which may arise in the execution of a contract, both as to liability and loss. See *State Highway Dept. v. MacDougald Const. Co.,* 189 Ga. 490, 504 (6 SE2d 570). Where the contract contains an arbitration provision relating only to such incidentals as price, value, measure, quantity, quality, classification, and similar questions the arbitration provisions in such contracts have been held valid. *Wright v. Cecil A. Mason Const. Co.,* 115 Ga. App. 729 (155 SE2d 725), citing *Southern Mut. Ins. Co. v. Turnley,* 100 Ga. 296 (27 SE 975) and other cases. The controversy between the parties to this

case involved only the failure to pay the purchase price and the claim by the appellee of a breach of the implied warranty of the merchantability of the goods.

Each of the said written agreements contains the following clause relating to arbitration, to wit: "17. Arbitration: Any controversy arising out of or relating to this contract, including any modification or amendment thereof, shall be settled by arbitration in the City of New York in accordance with the Rules then obtaining of the American Arbitration Association or the General Arbitration Council of the Textile Industry, whichever shall be first selected by the party instituting said arbitration. The parties agree that the arbitrators sitting in any such controversy shall have no power to alter or modify any express provision of this contract, including without limitation, the provisions contained in paragraph 6 applicable to claims, or to render any award which by its terms affects any such alteration or modification. The parties consent to the jurisdiction of the Supreme Court of the State of New York, and of the United States District Court for the Southern District of New York, for all purposes in connection with said arbitration. The parties further consent that any process or notice of motion or other application to either of said Courts or a Judge thereof, or any notice in connection with any arbitration hereunder, may be served inside or outside the State or Southern District of New York by registered or certified mail, return receipt requested, or by personal service provided a reasonable time for appearance is allowed, or in such other manner as may be permissible under the rules of said court."

It is noted that this paragraph provides that the arbitrators sitting in any such controversy shall have no power to alter or modify any express provision of this contract, including without limitation, the provisions claimed in paragraph 6 applicable to claims, or to render any award which by its terms affects any such alteration or modification. Such a limitation in the arbitration clause would remove this case from the rule in *Parsons v. Ambos,* 121 Ga. 98, supra, even if the interstate nature of the transaction did not do so.

Arbitration has long been recognized as a valuable adjunct to the courts. Code § 7-101 et seq. The law favors an end to litigation and where the parties agree to submit disputes to arbitration and agree that such settlement shall be final, the matter will be reopened only on an affirmative showing of fraud, accident or

mistake. *Locklear v. Payne,* 124 Ga. App. 845 (186 SE2d 439).

In the case of *Pacolet Mfg. Co. v. Crescent Textiles,* 219 Ga. 268 (133 SE2d 96), the contract between the parties contained an arbitration clause very similar to the one set forth above. Pursuant to the provision of that contract an arbitration was had and judgment thereafter entered in the Supreme Court of New York confirming this award. There was no appearance for the defendant in the Supreme Court of New York. Pacolet attempted to recover on this judgment against Crescent in the Superior Court of Fulton County. An oral motion to dismiss was denied and summary judgment rendered for Pacolet. Upon appeal the Court of Appeals reversed (*Crescent Textiles v. Pacolet Mfg. Co.,* 107 Ga. App. 700 (131 SE2d 649)) holding that the judgment was void on its face in the absence of a showing that the nonresident defendant had waived service or submitted itself to the jurisdiction of the court. In *Pacolet Mfg. Co. v. Crescent Textiles,* 219 Ga. 268, 269, supra, this court reversed, saying "In so holding the Court of Appeals failed to give effect to the rights of the parties under the contract and applicable rules of law. The long established rule that courts generally have no extraterritorial jurisdiction is not applicable to the facts in the present case. The parties waived the question pertaining to jurisdiction as related to performance of the contract and provided that all rights of the parties based upon any alleged nonperformance by either party would be submitted to arbitration in New York, and that notice of further proceedings in the courts of New York might be served by registered mail. It has been the rule in this state for more than a hundred years that a party may waive his constitutional and statutory rights. *Humphries v. McWhorter & Brightwell,* 25 Ga. 37, 39; *Bradford v. Mills,* 208 Ga. 198 (66 SE2d 58); *Webb v. Henlery,* 209 Ga. 447, 449 (74 SE2d 7); *Lamon v. Georgia Southern R. Co.,* 212 Ga. 63, 67 (90 SE2d 658)."

The appellee here, having failed to appear, answer, or by any other pleadings contest the validity of the arbitration provisions of the contract after notice in the New York court, is now bound by the judgment of the Supreme Court of New York to proceed with arbitration as provided under the terms of the agreement.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 10, 1973 — DECIDED OCTOBER 25, 1973 — REHEARING DENIED NOVEMBER 8, 1973.

*Lovejoy, Mayer, Allen & Quillian, Jerry Willis, H. T. Quillian, Jr.,* for appellant.

*Millard C. Farmer, Jr.,* for appellee.