54552, 54553. PAINE, WEBBER, JACKSON & CURTIS, INC. et al. v. McNEAL (two cases).

SHULMAN, Judge.

Appellants are a securities broker-dealer (Paine, Webber) and an account representative (Skone). McNeal, a former customer, brought suit against both alleging common law fraud and violations of the Securities Act of 1933 (15 USCA § 77a et seq). Appellants made a motion to stay the proceedings and to compel arbitration of the controversies under a clause in the contract between Paine, Webber and McNeal. The trial judge denied both parts of the motion, basing his decision on Georgia policy against "all issues" arbitration. He also held that, even if the arbitration agreement were enforceable, it did not apply to Skone because he was not a signatory to the contract containing the arbitration agreement.

1. Appellants rely on *West Point-Pepperell v. Multi-Line Industries,* 231 Ga. 329 (201 SE2d 452), as controlling authority on the issue of the enforceability of the arbitration agreement. In that case, an arbitration agreement was held to be enforceable because of the Federal Arbitration Act, 9 USCA § 2. In the order denying appellants' motion in this case, the trial judge distinguished *West Point-Pepperell* on its facts. It is not so distinguishable. Although that case involved a judgment rendered in New York and there has been no judgment here, one of the issues decided in that case was the same as one presented here: whether the Georgia policy against arbitration must yield to the Federal Arbitration Act. The resolution of the issue was necessary in order to determine

whether full faith and credit would be accorded to the New York judgment. The Georgia Supreme Court has held that, in this area, the federal law is paramount. *West Point-Pepperell,* supra, p. 331. That holding is now law in this state. *West Point-Pepperell* is controlling here, if this arbitration agreement comes within the Federal Arbitration Act.

2. "A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 USCA § 2.

Transactions involving purchase and sale of securities on national exchanges involve commerce within the meaning of the Federal Arbitration Act. Macchiavelli v. Shearson, Hammill & Co., Inc., 384 FSupp. 21, 30 (E. D. Cal. 1974); Robinson v. Bache & Co., 227 FSupp. 456 (S. D. N. Y. 1964).

It is immaterial that the complaint sounds in tort. Robinson v. Bache & Co., supra.

From the statute and cases above, it is clear that the Federal Arbitration Act applies to the arbitration agreement involved here. It follows, then, that the trial judge applied an erroneous theory of law, i.e., that the Federal Arbitration Act is not applicable in actions pending in Georgia courts, in denying appellants' motion. The order must be reversed.

3. McNeal contends that, conceding that the Federal Arbitration Act is applicable here, Georgia courts are bound only by the substantive portion of the Act. He argues that 9 USCA § 3, which provides for a stay of proceedings pending arbitration, is federal procedural law and that courts of this state are not bound thereby. This argument is specious because Georgia law authorizes the stay without resort to federal law. Assuming for the sake of discussion that McNeal is correct, we would find appellants with a right (enforcement of the arbitration agreement) but no remedy. That situation is so abhorrent in this jurisdiction that it is provided for by statute: "For every right there shall be a remedy, and every court having jurisdiction of

the one may, if necessary, frame the other." Code Ann. § 3-105. In the absence of a stay of proceedings, the present lawsuit would continue to a conclusion which would prejudice appellants' right to insist on arbitration. A stay of proceedings is, therefore, a necessary remedy. Such a stay is also within the inherent power of a court to control its docket. *Bloomfield v. Liggett & Myers, Inc.*, 230 Ga. 484 (198 SE2d 144).

4. McNeal correctly points out in his brief that his complaint contains allegations of violations of the Securities Act of 1933, supra, and that a plaintiff who effectively states a claim under that Act may not be compelled to submit those issues to arbitration. Wilko v. Swan, 346 U. S. 427 (1953). In addition, while advancing a "right for any reason" argument in support of the denial of appellants' motion, McNeal raises contract law issues of contract of adhesion and noncompliance by appellants with the terms of the arbitration agreement. While it is true that resolution of any of those issues may have justified denial of appellants' motion, they were not resolved and the record provides this court with no basis for doing so. The trial judge based his order wholly on an incorrect theory of law. Since the order is reversed, the case will be remanded for consideration of those and any other issues properly raised.

5. The portion of the order stating that Skone would be excluded from arbitration even if Paine, Webber were entitled to it has been enumerated as error. Appellants have cited authority holding that a defendant in the same position Skone is in in this case is entitled to share with his principal the benefit of an arbitration agreement. Starr v. O'Rourke, 5 Misc. 2d 646 (159 NYS2d 60); Berman v. Dean Witter & Co., Inc., 44 Cal. App. 3d 999 (119 Cal. Rptr. 130). McNeal argues that Skone, not being a signatory to the contract, is not entitled to rely on its provisions. He has provided us with an unreported decision from the U. S. District Court of the Northern District of Georgia holding that an agent in Skone's position, not a party to the contract containing the arbitration clause, cannot claim the benefit of such a clause. Isbell v. Paine, Webber, Jackson & Curtis, Inc. and Peter C. Buchly, No. C75-2140A (N.D. Ga., April 14,

1976). However, as McNeal points out forcefully and repeatedly in his briefs, this court is not bound by the decisions of federal courts other than the U. S. Supreme Court. Reviewing the authorities and arguments set out by both sides, we find those in favor of an expansive construction of the agreement to include the employee more persuasive. In Starr v. O'Rourke, supra, the court held that insofar as the complaint was based on contract, there was no claim against the employee because he was an agent; insofar as it sounded in tort, the defendants were joint tortfeasors and any action in regard to one inures to the benefit of the other. That court also noted that, "Separate forums may result in varying decisions, discreditable to the administration of justice." Id. p. 62. In a footnote, the First Circuit Court of Appeals, in Hilti, Inc. v. Oldach, 392 F2d 368, 369 n.2, stated that, "If arbitration defenses could be foreclosed simply by adding as a defendant a person not a party to an arbitration agreement, the utility of such agreements would be seriously compromised." We are persuaded that the ends of justice are more nearly met by holding that Skone must be allowed to participate in the arbitration, should the trial court, on remand, grant the motion as to Paine, Webber.

*Judgment reversed and remanded for reconsideration not inconsistent with this opinion. Quillian, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 16, 1977 — DECIDED
OCTOBER 18, 1977.

*Hansell, Post, Brandon & Dorsey, Gary W. Hatch, Dom H. Wyant,* for appellants.

*Savell, Williams, Cox & Angel, Edward L. Savell,* for appellee.