## 63529. MERRILL LYNCH, PIERCE, FENNER & SMITH, INC. et al. v. WILBANKS et al.

BANKE, Judge.

The plaintiffs, Mr. and Mrs. Wilbanks, filed suit against Merrill Lynch, Pierce, Fenner & Smith, Inc., their securities broker, and Robert A. Wolter, their account executive, to recover damages for fraud and breach of fiduciary duty based on the alleged mishandling of their securities account. The defendants moved to stay the action and to compel arbitration in accordance with the following provision contained in a "Standard Option Agreement" signed by the plaintiffs, governing the purchase and sale of put and call options on their behalf: "Any controversy between us arising out of such option transactions or this agreement shall be settled by arbitration before the National Association of Securities Dealers, Incorporated, or the New York Stock Exchange, or an Exchange located in the United States upon which listed options transactions are executed, only ..." The trial court declined to grant the stay, and the defendants appeal.

What the defendants are accused of specifically is "churning," that is, executing numerous securities transactions from the plaintiffs' account for the purpose of generating commissions. The plaintiffs allege that they opened the account with Merrill Lynch for the purpose of investing their $12,000 life savings and that because Mr. Wilbanks was blind and neither he nor his wife were experienced in securities matters, they were persuaded to place complete confidence in Mr. Wolter as their account executive. They further allege that, acting in accordance with Mr. Wolter's recommendations over the next six months, they engaged in over 100 securities transactions, most of them options trades, as a result of which the account was depleted by approximately $4,418 in commissions, and that during this period Mr. Wolter represented to them that the account contained more money than it actually contained. The defendants deny these allegations. *Held:*

Although Georgia's policy does not favor "all issues" arbitration clauses, that policy must yield where it conflicts with federal policy as set forth in the Federal Arbitration Act, 9 USCA § 2. See *West Point-Pepperell, Inc. v. Multi-Line Ind., Inc.,* 231 Ga. 329 (201 SE2d 452) (1973); *Paine, Webber, Jackson & Curtis, Inc. v. McNeal,* 143 Ga. App. 579 (1) (239 SE2d 401) (1977). The federal statute provides, in pertinent part, as follows: "A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds

as exist at law or in equity for the revocation of any contract." 9 USCA § 2. In *Paine, Webber, Jackson & Curtis, Inc. v. McNeal,* supra, at 580, this court held that transactions involving the purchase and sale of securities on national exchanges involve commerce within the meaning of the Federal Arbitration Act and that arbitration agreements relating to such transactions are consequently enforceable, even as to claims based on fraud. Furthermore, the United State Supreme Court has held that where, as in this case, the plaintiff attacks the entire contract based on allegations of fraud or breach of fiduciary duty, rather than specifically attacking the validity of the arbitration agreement, the issue must be decided by the arbitrator rather than by the courts. Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U. S. 395 (87 SC 1801, 18 LE2d 1270) (1967). See also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 637 F2d 391, 398 (5th Cir. 1981); N & D Fashions, Inc. v. DHJ Industries, Inc., 548 F2d 722 (8th Cir. 1977); International Union of Operating Engineers, Local Union No. 139 v. Carl A. Morse, Inc., 529 F2d 574, 578 (7th Cir. 1976). It follows that the trial court erred in denying the defendant's motion to stay the action and to compel arbitration in accordance with the agreement.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED APRIL 1, 1982 —
REHEARING DENIED APRIL 19, 1982.

*Paul W. Stivers,* for appellants.
*Jack M. Carey, Roland H. Stroberg,* for appellees.