### 67843. SHEARSON/AMERICAN EXPRESS, INC. et al. v. HENSON.

QUILLIAN, Presiding Judge.

This is an interlocutory appeal from denial of a motion to compel arbitration and stay proceedings.

Plaintiff-appellee Henson signed a Limited Discretionary Account Authorization with defendant-appellant Shearson/American Express. This agreement contained the following arbitration clause:

"Unless unenforceable due to federal or state law, any controversy arising out of or relating to my account, to transactions with you for me or this authorization or the breach thereof, shall be settled by arbitration in accordance with the rules, then in effect, of the National Association of Securities Dealers, Inc. or the Boards of Directors of the New York Stock Exchange, Inc. and/or the American Stock Exchange, Inc. as I may elect and shall be governed by the laws of the State of New York . . ."

After nearly a year appellee commenced this action against Shearson/American Express and three of its officers and employees alleging a breach of fiduciary duty in the management of his account. Appellants demanded arbitration under the above arbitration provision of the agreement and then moved to compel arbitration and stay the proceedings. Whereupon appellee apparently revoked his consent to arbitration, although no copy thereof appears in the record. Apparently relying on *Local Union 732 &c. v. MARTA,* 251 Ga. 15 (303 SE2d 1), which permits a party to contractual arbitration to withdraw therefrom at any time prior to award, the trial court denied the motion. *Held:*

This case involves securities transactions on national exchanges. "In *Paine, Webber, Jackson & Curtis, Inc. v. McNeal,* [143 Ga. App. 579 (1), 580 (239 SE2d 401)], this court held that transactions involving the purchase and sale of securities on national exchanges involve commerce within the meaning of the Federal Arbitration Act

and that arbitration agreements relating to such transactions are consequently enforceable, even as to claims based on fraud." *Merrill Lynch &c., Inc. v. Wilbanks,* 162 Ga. App. 154, 155 (290 SE2d 122).

" 'Where such a transaction involves commerce, within the meaning of the Federal Arbitration Statute, the state law and policy with respect thereto must yield to the paramount federal law. [Cit.]' *West Point-Pepperell v. Multi-Line Industries,* 231 Ga. 329 (201 SE2d 452) (1973). See also *Paine, Webber, Jackson & Curtis, Inc. v. McNeal,* 143 Ga. App. 579 [supra]. The holding in Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp. [—— U. S. —— (103 SC 927, 74 LE2d 765) (1983)], made it clear that the Federal Arbitration Act creates a body of federal substantive law. 'Section 2 (of the Act) is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary. The effect of the section is to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act.' Id. at 103 SC 941." *Hilton Constr. Co. v. Martin &c. Contractors,* 251 Ga. 701, 703 (308 SE2d 830).

"We accept and adopt [the foregoing Cone Memorial Hosp.] construction regarding the scope and purpose of the Arbitration Act and find that the arbitration clause at issue in the present case clearly falls within the ambit of the act. [Cit.]" *DiMambro-Northend Assoc. v. Blanck &c. Inc.,* 251 Ga. 704, 707 (309 SE2d 364).

Although appellee's purported revocation of his consent to arbitration may have been valid under state law if federal law were not involved, the required application of federal law as set out in the above cases, prohibits the revocation by the language of the Federal Arbitration Act unless the entire agreement is revoked. " 'A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, *irrevocable,* and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.' 9 USCA § 2." *Paine, Webber, &c., Inc. v. McNeal,* 143 Ga. App. 579 (2), 580, supra. (Emphasis supplied.)

Therefore we find no merit in appellee's argument that the arbitration clause language "[u]nless unenforceable due to federal or state law," supra, gave him the contractual right to withdraw his consent to arbitration under state law. We construe such language as applying only when the entire agreement between the parties becomes unenforceable due to fraud, duress, or other such grounds as void contracts under the law.

Moreover, *Local Union 732 &c. v. MARTA,* 251 Ga. 15, supra,

upon which appellee relies, is inapposite as it did not involve the Federal Arbitration Act. There management was permitted to withdraw its consent to arbitration in a collective bargaining labor agreement under state law.

*Judgment reversed. Birdsong and Carley, JJ., concur.*

DECIDED FEBRUARY 23, 1984.

*Peter J. Anderson, Kirk M. McAlpin, Jr.,* for appellants.
*J. Houston Lennard,* for appellee.