A89A1471. ROBINSON-HUMPHREY COMPANY, INC.
v. WILLIAMS.
(389 SE2d 345)

BENHAM, Judge.

We granted appellant's application for interlocutory review of the trial court's denial of appellant's motion to compel arbitration of the lawsuit appellee filed against appellant.

Appellee, after receiving a settlement of a workers' compensation

claim, signed a document entitled "Trust Agreement" in July 1983 whereby appellant would act as trustee of the settlement funds deposited with appellant to be held in appellee's name. Appellant's agent signed the document after deleting the references to appellant as "Trustee" and replacing them with the title "Administrator," and changing the references to appellee as "trustor" to "trustee." Six days later, appellee signed a "Customer Agreement" in which, in consideration of appellant's acceptance of his account and agreement to act as his broker, appellee agreed, among other things, that "[u]nless unenforceable due to federal or state law, any controversy arising out of or relating to [appellee's] accounts, to transactions with you for me or to this agreement or the breach thereof, shall be settled by arbitration. . . ." In July 1988, appellee filed suit against appellant, contending that appellant, by orally accepting and agreeing to the unaltered trust agreement, fraudulently induced appellee to believe it would act as trustee of his funds and that appellee had been damaged by this alleged fraudulent inducement in that the income from the trust was less than that promised and the corpus of the trust had been invaded. Appellee sought in his complaint to rescind the trust agreement and have the corpus and the interest it would have earned under the original trust agreement paid to him. Appellee also alleged in his complaint that appellant committed fraud by making intentional misrepresentations and misappropriating the trust by altering the trust agreement and by taking unauthorized control of the trust principal. Appellant was also alleged to have committed fraud by misrepresenting the nature of the arbitration language contained in the customer agreement, thereby inducing appellee to sign the agreement. Appellee sought damages for appellant's alleged breach of the trust agreement appellee signed.

"Although Georgia's policy does not favor 'all issues' arbitration clauses, that policy must yield where it conflicts with federal policy as set forth in the Federal Arbitration Act, 9 USCA § 2. [Cits.] The federal statute provides, in pertinent part, as follows: 'A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract.' 9 USCA § 2." *Merrill Lynch &c. v. Wilbanks,* 162 Ga. App. 154 (290 SE2d 122) (1982). Our initial inquiry is whether the agreements which form the basis of appellee's lawsuit are contracts evidencing a transaction involving commerce. After reviewing them, we conclude that the trust agreement, whereby appellant allegedly agreed to act as trustee of appellee's funds, does not evidence a transaction involving commerce. Therefore, 9 USCA § 2 and the arbitration clause contained in the "Customer Agreement" do not require

arbitration of the allegations concerning the trust agreement. However, the "Customer Agreement" concerned transactions involving the purchase and sale of securities on national exchanges and therefore involved commerce within the meaning of the Federal Arbitration Act. *Paine, Webber &c. v. McNeal*, 143 Ga. App. 579 (239 SE2d 401) (1977). Appellee's allegations based upon the "Customer Agreement" concern fraudulent inducement to enter into the "Customer Agreement" and misrepresentation of the nature of the arbitration clause. Appellee's claim of fraud in the inducement involves the "Customer Agreement" generally, and appellee did not allege that he had been fraudulently induced to enter into the arbitration clause. The language of the arbitration clause is broad enough to encompass appellee's claim that the execution of the agreement containing the arbitration clause was procured by fraud, and since that contract involves commerce within the meaning of the Federal Arbitration Act, the allegations concerning the "Customer Agreement" are matters for arbitration. See *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U. S. 395, 406 (87 SC 1801, 18 LE2d 1270) (1967). The trial court erred in failing to compel arbitration of that portion of the proceedings involving the "Customer Agreement."

*Judgment affirmed in part and reversed in part. Deen, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 8, 1989 —
REHEARING DENIED DECEMBER 14, 1989 — 

*Peterson, Young, Self & Asselin, David C. Jensen, Joseph M. Ward*, for appellant.
*Brent J. Savage, Robert B. Turner, Kutak, Rock & Campbell, Jo Lanier Meeks*, for appellee.