Alan A. BOOTH, Plaintiff–Appellee, Counter–Defendant,

v.

HUME PUBLISHING, INC., and The Hume Group, Inc., Defendants–Appellants, Counter–Claimants.

No. 89–8320.

United States Court of Appeals, Eleventh Circuit.

June 5, 1990.

---

Robert H. Hishon, Jonathan D. Moonves, and Jesse S. Burbage, Hishon & Ranney, Atlanta, Ga., for defendants-counterclaim-ants-appellants.

J. Douglas Stewart and Nolie J. Motes, Stewart, Melvin and House, Gainesville, Ga., for plaintiff-counterdefendant-appel-lee.

Before VANCE* and ANDERSON, Circuit Judges, and LYNNE**, Senior District Judge.

ANDERSON, Circuit Judge:

Appellants, Hume Publishing, Inc. and The Hume Group, Inc. (hereinafter referred to jointly as "Hume"), appeal the district court's order confirming an arbitration award in favor of appellee Alan Booth. The district court applied the provisions of the Federal Arbitration Act (the "Act") in determining whether to confirm the award, and accordingly struck appellant's counterclaims and defenses as impermissible under the Act. Finding that less than one year had passed since the date of the arbitration award and that no timely motion to vacate or modify the award had been filed, the district court concluded that the Act required enforcement of the award. For the reasons discussed below, we affirm the judgment of the district court.

## BACKGROUND

On July 1, 1982, Hume entered into a written employment agreement with appellee Alan Booth. The agreement contained an arbitration provision whereby either party could require that any dispute arising between the parties as to the interpretation or application of their employment agreement would be submitted to arbitration. The agreement stated that such arbitration would be final and binding upon the parties. The employment agreement also contained a choice of law provision stating that it would be "subject to and construed in accordance with the laws of the State of Georgia."

Booth's employment with Hume ended in 1986, and a dispute arose as to certain bonus benefits claimed to have been earned by Booth. Pursuant to the employment agreement, Hume filed a Demand for Arbitration against Booth. Arbitration was conducted and the arbitrator issued a written award in favor of Booth.

Seven months later, Booth, having received no satisfaction from Hume, filed a petition in federal district court pursuant to § 9 of the Federal Arbitration Act, 9 U.S.C. § 9 (1970), to confirm and enter judgment on the arbitration award. Hume answered, asserting that Georgia arbitration law, not the Federal Arbitration Act, applied to this case. Hume contended that even if the Act applied, the district court lacked authority under the Act to enter judgment on the award because the parties did not agree to judicial confirmation of the award. In addition, Hume set forth certain defenses to the confirmation of the award.

Hume also asserted counterclaims against Booth, for which it sought damages and injunctive relief. The counterclaims alleged breach of the employment agreement, breach of fiduciary duty, fraud, intentional interference with contractual relations, breach of duty of due diligence, and misappropriation of confidential information. All of these claims were premised upon the employment contract that was the subject of the arbitration award. These claims were not raised in the arbitration proceedings.

Booth moved to dismiss the counterclaim, to strike portions of the defendant's answer, and for an immediate judgment. The district court granted Booth's motions and entered judgment confirming the arbitration award.

Regarding Hume's counterclaim, the court held that under the Federal Arbitration Act a counterclaim other than one for vacation or modification of the award could not be filed in response to a motion for confirmation of an arbitration award. The district court interpreted §§ 10 and 11 of the Act (setting forth the grounds for vacating, modifying, and correcting an award) to permit a party to plead only certain specific defenses to a motion for

---

* Judge Robert S. Vance was a member of the panel which heard oral argument but due to his death on December 16, 1989, did not participate in this decision. This case is decided by quorum. *See* 28 U.S.C. § 46(d).

** Honorable Seybourn H. Lynne, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

confirmation. The court further found that Hume's counterclaim initiated a claim separate and distinct from the arbitration award and was not encompassed within the limited and specific defenses permitted under §§ 10 and 11 of the Act. Accordingly, the district court dismissed the counterclaim.

Similarly, regarding Hume's various defenses to the award, the district court held that the portions of the answer that did not constitute a motion for vacation or modification of the award under §§ 10 and 11 of the Act were not permitted. In addition, the court held that the portions of the answer that could be construed as a motion for modification or vacation of the award were time-barred by the Act's three month time limit for filing such motions.

On appeal Hume argues that (1) Georgia law applies to this case, and therefore the district court should not have dismissed Hume's defenses as barred by the Federal Arbitration Act; (2) even if the Act does apply, the district court did not have authority under the Act to confirm the award because the parties did not agree to entry of judgment by the court; and (3) under the Federal Arbitration Act, counterclaims may properly be filed in response to a petition to confirm an arbitration award.[1]

## DISCUSSION

### A. Application of the Federal Arbitration Act

Hume argues that the district court erred in applying the provisions of the Federal Arbitration Act to this case because the employment agreement provided that it should be construed in accordance with Georgia arbitration law. Hume points out that the United States Supreme Court, in

*Volt Information Sciences v. Board of Trustees of the Leland Stanford Junior Univ.*, 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989), determined that the parties to an arbitration agreement may contract to apply the arbitration laws of a particular jurisdiction. In *Volt* the Supreme Court held that the Act does not preempt state arbitration laws that are not in conflict with the goals and policies of the Act, and that the Act does not prevent enforcement of a private agreement to arbitrate under different rules than those set forth in the Act itself. *Id.* at ——, 109 S.Ct. at 1254–55.

Hume contends, under the authority of *Volt*, that the Act does not preempt Georgia arbitration law and that therefore the choice of law provision in the employment agreement should control. However, Hume failed to present this argument to the district court. All of the parties in the court below assumed that the Act would preempt state arbitration law if the agreement involved interstate commerce and thus fell within the coverage of the Act.[2]

■ Although as a general rule an appellate court will not consider a legal issue or theory raised for the first time on appeal, *Lattimore v. Oman Const.*, 868 F.2d 437, 439 (11th Cir.1989), we have discretion to do so if the new issue or theory "involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice," *id.* (quoting *United States v. Southern Fabricating Company*, 764 F.2d 780, 781 (11th Cir.1985)).

■ In this case, we are not persuaded that rejection of Hume's attempt to raise the preemption issue would result in a miscarriage of justice. It is true that the

---

1. In the court below, Hume also presented a motion to transfer the case from one division of the Northern District of Georgia to another. Hume does not raise this issue on appeal.

2. Hume argued to the district court that this case does not involve interstate commerce, and that therefore the Federal Arbitration Act does not apply. Hume noted in one of its responses that "unless petitioner has proved as a matter of law that this matter involves interstate commerce, respondents are entitled to rely upon

state court defenses." Hume never invited the court to consider whether, even if the contract involved interstate commerce, Georgia common law defenses would apply. The posture of Hume's argument to the district court implies a concession that if the contract involves interstate commerce, the Federal Arbitration Act applies so that Hume may not rely on state law defenses. Hume does not contend on appeal that the contract does not involve interstate commerce.

Supreme Court's recent decision in *Volt* creates new law that was not available to Hume when it argued its case in the court below. However, construing the arbitration agreement in accordance with the law of Georgia at the time the contract was negotiated, we are not convinced that the parties to this contract intended that Georgia's common law of arbitration would apply to disputes arising between them.

The arbitration provision at issue in this case is an "all issues" arbitration provision of the type disfavored by the Georgia common law of arbitration. *See, e.g., Merrill Lynch, Pierce, Fenner & Smith v. Wilbanks,* 162 Ga.App. 154, 290 S.E.2d 122 (1982). Such a clause would be enforceable under the Federal Arbitration Act but not under Georgia common law. *Id.*[3] At the time Booth and Hume executed their employment agreement, the Georgia courts took the position that the Federal Arbitration Act preempted the state's substantive arbitration law, at least where state law would render the arbitration agreement void. *See, e.g., West Point–Pepperell v. Multi-line Indus.,* 231 Ga. 329, 330–31, 201 S.E.2d 452, 453–54 (1973) (holding that "[w]here such a transaction involves commerce, within the meaning of the Federal Arbitration Statute, the state law and policy with respect thereto must yield to the paramount federal law."). Therefore, when Hume and Booth agreed that their employment contract would be subject to Georgia law, they probably intended that the federal arbitration law would apply rather than the Georgia common law.

*Volt* gives effect to the contractual agreement of the parties to apply the law of a particular jurisdiction. Here, the choice of law provision in the agreement is not clear. Under these circumstances, we conclude that there is no miscarriage of justice involved in our declining to address Hume's *Volt* preemption argument made for the first time on appeal. Accordingly, we apply the Federal Arbitration Act on this appeal.

**B. *Hume's Defenses***

Hume asserted several defenses to the petition for confirmation: that the award was founded on a mistake of law, that the award evidenced a lack of consideration of the proper evidence, and that the award demonstrated a manifest disregard of the law. Hume asserted before the district court, and contends on appeal, that these defenses were proper under the state law of arbitration and therefore should be allowed. Hume did not argue below, nor does he assert on appeal, that the defenses are proper even if the Federal Arbitration Act applies.

We have already noted that we will apply the Federal Arbitration Act to this appeal. We therefore reject Hume's argument that, because Georgia arbitration law applies, the state law defenses are properly asserted. We note that Hume does not raise on appeal whether any of its defenses may be allowable under §§ 10 and 11 of the Federal Arbitration Act (providing for motions to vacate, modify, and correct an arbitration award). We therefore do not reach this question.[4]

**C. *The District Court's Authority Under the Act to Confirm the Award***

■ The Federal Arbitration Act provides in relevant part, "If the parties in

---

3. Georgia recently passed the new Georgia Arbitration Code, which is applicable to disputes arising on or after July 1, 1988. Ga.Code Ann. § 9–9–2(a) (1988). Since the dispute at issue in this case arose in 1986, the new statute does not apply.

4. Even if Booth had preserved for appeal the issue of whether any of his defenses are allowable under §§ 10 and 11, they would have been barred by the Act's three month rule. Section 12 provides, "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or deliv-

ered...." This court has held that a party's failure to move to vacate an arbitral award within the three-month limitations period bars him from raising the alleged invalidity of the award as a defense in opposition to a motion to confirm the award. *Cullen v. Paine, Webber, Jackson & Curtis, Inc.,* 863 F.2d 851, 854 (11th Cir.), *cert. denied,* — U.S. ——, 109 S.Ct. 3159, 104 L.Ed.2d 1022 (1989). Here, Hume failed to move to vacate the award within three months of the time the award was issued. Under *Cullen,* Hume is therefore barred from raising §§ 10 and 11 defenses in this motion to confirm.

their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration," then a United States court in the district in which the award was made has the authority to confirm the award. 9 U.S.C. § 9 (1970). Hume argues that this section of the Act requires the parties to agree explicitly to judicial enforcement of an arbitration award in order for a court to have authority to confirm the award. Here, there was no such explicit agreement.

However, Hume demanded arbitration and participated fully in the arbitration process. Also, Hume clearly agreed that such arbitration would be final and binding upon it. It strikes this court as disingenuous for Hume to argue, now that an award has been issued against it, that it never agreed to enforcement of the results of the arbitration. As the Second Circuit has noted, "Whatever 'final' means, it at least expresses the intent of the parties that the issues joined and resolved in the arbitration may not be tried de novo in any court, state or federal." *I/S Stavborg v. National Metal Converters*, 500 F.2d 424, 427 (2d Cir.1974).

Most courts that have dealt with this issue have held that an explicit agreement between the parties providing for judicial confirmation of an award is not an absolute prerequisite to section 9 authority to enter judgment on the award. Binding precedent in this circuit has held that where the parties agreed that arbitration would be final and binding, and where the appellant invoked the jurisdiction of the federal court by initially filing a complaint on the underlying contract, the district court was authorized to enter judgment on the award. *T & R Enterprises v. Continental Grain Co.*, 613 F.2d 1272, 1278–79 (5th Cir.1980).[5] *Accord Place St. Charles v. J.A. Jones Constr.*, 823 F.2d 120, 124 (5th Cir.1987). *See also Milwaukee Typographical Union No. 23 v. Newspapers, Inc.*, 639 F.2d 386, 389–90 (7th Cir.) (final and binding language in the arbitration agreement is sufficient to imply consent to the entry of judg-

ment on an arbitration award under § 9 of the Act, at least where the appellant participated fully in the arbitration process), *cert. denied*, 454 U.S. 838, 102 S.Ct. 144, 70 L.Ed.2d 119 (1981); *Kallen v. District 1199, National Union of Hospital and Health Care Employees*, 574 F.2d 723, 726 (2d Cir.1978) (where language of agreement provided that arbitration would be final and binding, where the appellant participated fully in the arbitration process, and where federal law would apply to interpretation of the underlying agreement, the district court had authority under § 9 of the Act to enter judgment on the award). *But see Higgins v. United States Postal Service*, 655 F.Supp. 739, 744 (D.Maine 1987) (refusing to find that the "final and binding" language standing alone, without conduct from which an agreement could be inferred, was sufficient for relief under § 9 of the Act).

We conclude that the provision in the employment agreement that the arbitrator's determination would be final and binding, along with Hume's full participation in the arbitration process, is sufficient under the Act to confer authority on the district court to confirm the award.

### D. *Hume's Counterclaims*

In response to Booth's petition to confirm the arbitration award, Hume raised several counterclaims based on Booth's alleged breach of the employment contract that was the subject of the arbitration. The district court expressly did not address whether the counterclaims were permissive or compulsory, but held that any counterclaim other than one for modification or vacation of the award (as provided for in §§ 10 and 11 of the Act) would be disallowed.

Hume does not contend on appeal that its counterclaims should be interpreted as motions to modify, correct, or vacate the award. Instead, Hume argues that the Federal Rules of Civil Procedure, particularly Rules 13 and 42, apply to petitions for confirmation, and that therefore the dis-

---

5. This case was decided prior to the close of business on September 30, 1981, and is binding precedent under *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

trict court was required, at the least, to analyze the counterclaims to determine the most efficient method of resolving the claims between the parties.

 The rules of procedure provided in the Federal Arbitration Act govern proceedings arising under that Act. It is only where the Act is silent that the Federal Rules of Civil Procedure become applicable. Fed.R.Civ.P. 81(a)(3). In other words, Rule 13 of the Federal Rules of Civil Procedure applies to a § 9 motion to confirm an arbitration award only to the extent the Rule is consistent with the language and purpose of the Federal Arbitration Act. We conclude that it would be inconsistent with the language and purpose of the Act to allow counterclaims under Rule 13, other than counterclaims that fall within the specific defenses permitted under §§ 10 and 11 of the Act.[6]

 As explained in *Weems v. McCloud,* 619 F.2d 1081, 1094–97 (5th Cir.1980), the Federal Rules of Civil Procedure may be applied less rigidly in special statutory proceedings where a strict application of the Rules would frustrate the statutory purpose. *Id.* at 1094. *Weems* involved the application of Rule 13 of the Federal Rules of Civil Procedure to a proceeding under Georgia law to confirm nonjudicial sales of property. In reaching its determination that Rule 13 did not apply to the proceeding, the court carefully analyzed both the mechanics and the purpose of the confirmation proceeding.

The *Weems* court noted that the Georgia confirmation proceeding was intended to be summary in nature; the purpose of the statute governing the proceeding was merely to provide a means of evaluating the fairness of nonjudicial sales. The court noted that the confirmation proceeding was not initiated by filing a complaint with the court, but rather by reporting to the appropriate judge the sale of the property. The Georgia statutes governing the confirmation proceeding specified the issues the court could consider, and provide that the debtor could raise only certain specified defenses. In determining that the defendant could not raise counterclaims beyond the scope of the specified defenses, the court held:

> To permit a debtor to assert counterclaims would convert the proceeding into a plenary trial between the parties, would eliminate its summary nature, and would deny the creditor his right to a quick approval of the sale. It would radically change the character and purpose of the special proceeding. It is for these reasons that we follow the reasoning of the cases cited above which refused to blindly follow the Federal Rules of Civil Procedure when to do so would frustrate the purpose, or destroy the summary nature, of a special, statutorily created cause of action.

*Id.* at 1096.

 The Federal Arbitration Act's provision for confirmation of arbitration awards

**6.** *Cf. O.R. Securities v. Professional Planning Assoc.,* 857 F.2d 742, 748 (11th Cir.1988) (holding that because the Federal Arbitration Act provides that requests for relief should be made by motion, rather than by filing a complaint, the rules of notice pleading provided for in Fed.R.Civ.P. 8 do not apply to a proceeding to vacate an arbitration award). *Bonar v. Dean Witter Reynolds, Inc.,* 835 F.2d 1378, 1382 (11th Cir.1988) is not to the contrary. The court there held that Rule 15 of the Federal Rules of Civil Procedure, providing for amendments to pleadings, applies to proceedings to confirm or vacate an arbitration award. The court found that the language of the Federal Arbitration Act did not disallow an amendment to a motion to vacate, and no argument was made that application of Rule 15 in that case would contravene the purposes of the Act. *See also Del E. Webb Construction v. Richardson Hospital Authority,* 823 F.2d 145, 149 (5th Cir.1987). *Del E. Webb Con-*

*struction* held that because the Federal Arbitration Act provides that a district court may order arbitration only in accordance with the terms of the arbitration agreement, the court could not apply Fed.R.Civ.P. 42 to consolidate arbitrations independent of the contract. In so holding, the court rejected the argument that the failure of the Act to discuss explicitly the consolidation of arbitrations mandated application of the Federal Rules of Civil Procedure. Instead, the court gave effect to the Act's broad language that arbitration should proceed according to the terms of the arbitration agreement. *But cf. Milwaukee Typographical Union No. 23 v. Newspapers, Inc.,* 639 F.2d 386, 390 (7th Cir.) (holding that Fed.R.Civ.P. 81(a)(3) does not automatically preempt procedures that otherwise would obtain under Rules 12(b) and 56, and applying those Rules in that case), *cert. denied,* 454 U.S. 838, 102 S.Ct. 144, 70 L.Ed.2d 119 (1981).

is similar in nature and purpose to the Georgia proceeding for confirmation of nonjudicial sales. Like the Georgia proceeding, a confirmation of an arbitration award is intended to be summary in nature. Our circuit has noted that "[t]he purpose of the Federal Arbitration Act was to relieve congestion in the courts and to provide parties with an alternative method for dispute resolution that would be speedier and less costly than litigation." *O.R. Securities v. Professional Planning Associates,* 857 F.2d 742, 745–46 (11th Cir.1988) (quoting *Ultracashmere House, Ltd. v. Meyer,* 664 F.2d 1176, 1179 (11th Cir.1981)). *See also Diapulse Corp. of America v. Carba, Ltd.,* 626 F.2d 1108, 1110 (2d Cir.1980) (citing *Wilko v. Swan,* 346 U.S. 427, 431–32, 74 S.Ct. 182, 185, 98 L.Ed. 168 (1953)).

■ To effectuate its purpose of speedy resolution of disputes, the Federal Arbitration Act allows arbitration to proceed with only a summary hearing and with restricted inquiry into factual issues. *O.R. Securities,* 857 F.2d at 747–48. After arbitration is complete, judicial review of the arbitration process and of the amount of the award is narrowly limited. *Diapulse Corp.,* 626 F.2d at 1110. *See also Amicizia Societa Navegazione v. Chilean Nitrate and Iodine Sales Corp.,* 274 F.2d 805, 808 (2d Cir.) ("[T]he court's function in confirming or vacating an arbitration award is severely limited. If it were otherwise, the ostensible purpose for resort to arbitration, i.e., avoidance of litigation, would be frustrated."), *cert. denied,* 363 U.S. 843, 80 S.Ct. 1612, 4 L.Ed.2d 1727 (1960). *Cf. Protective Life Ins. Corp. v. Lincoln National Life Ins. Corp.,* 873 F.2d 281, 282 (11th Cir.1989) (construing § 4 of the Act, which provides for judicially compelled arbitration, to "narrowly circumscribe[ ]" the power of the federal courts).

A party initiates judicial review of an arbitration award not by filing a complaint in the district court, but rather by filing either a petition to confirm the award or a motion to vacate or modify the award. *See* 9 U.S.C. § 9 (explaining procedure for making petition to confirm the award); § 12 (explaining procedure for making motion to vacate, modify, or correct an award); § 6 (providing that any application to the court under the Act should be made in the form of a motion). These rules further the Act's policy of expedited judicial action because they prevent a party who has lost in the arbitration process from filing a new suit in federal court and forcing relitigation of the issues. *See O.R. Securities,* 857 F.2d at 746. Moreover, the district court need not conduct a full hearing on a motion to vacate or confirm; such motions may be decided on the papers without oral testimony. *Id.* at 746 n. 3; *Legion Ins. Co. v. Ins. General Agency,* 822 F.2d 541, 543 (5th Cir.1987).

Most importantly, the Federal Arbitration Act expresses a presumption that arbitration awards will be confirmed. Section 9 of the Act provides that if the parties have agreed to judicial confirmation of the award, then *"the court must grant such an order* [confirming the award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9 (1970) (emphasis added). *See, e.g., Cullen v. Paine, Webber, Jackson & Curtis, Inc.,* 863 F.2d 851, 854 (11th Cir.) (noting that "[a] confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act") (quoting *Taylor v. Nelson,* 788 F.2d 220, 225 (4th Cir.1986)), *cert. denied,* — U.S. ——, 109 S.Ct. 3159, 104 L.Ed.2d 1022 (1989).

The Act, like the Georgia proceeding at issue in *Weems,* enumerates only a few, strictly limited defenses to the confirmation of an award.[7] *Saxis Steamship Co. v.*

---

**7.** Section 10 of the Act provides that a district court may vacate an award for the following reasons:

(a) Where the award was procured by corruption, fraud, or undue means.

(b) Where there was evident partiality or corruption in the arbitrators, or either of them.
(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the

*Multifacs Int'l Traders, Inc.*, 375 F.2d 577, 581–82 (2d Cir.1967) (holding that "the role of the courts is limited to ascertaining whether there exists one of the specific grounds for the vacation of an award, as provided in § 10 of the Arbitration Act," and that the court should not review the arbitration proceeding for errors of law or fact). The Act's enunciation of specific defenses to a petition to confirm an award "was not intended to overthrow the general advantage of speedy and effective decision of disputes by arbitration and the creation of these general grounds does not obliterate the hesitation with which courts should view efforts to re-examine awards. To do otherwise would defeat the primary advantages of speed and finality which led to the development of arbitration...." *Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co.*, 397 F.2d 594, 598 (3d Cir.) (citations omitted), *cert. denied*, 393 U.S. 954, 89 S.Ct. 378, 21 L.Ed.2d 365 (1968).

We conclude that the *Weems* rationale is applicable to proceedings under the Federal Arbitration Act.[8] To allow a respondent to assert counterclaims that are beyond the scope of the defenses enumerated in the Act would change the nature of the confirmation proceedings and would defeat the purpose of the Act. Hume does not argue that its counterclaims are within the scope of those defenses allowed by §§ 10 and 11 of the Act. The district court, therefore, correctly struck Hume's counterclaims.

controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
9 U.S.C. § 10 (1970).
Section 11 of the Act provides that a district court may modify or correct an award for the following reasons:
(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
(b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.
*Id.* at § 11.

8. Hume cites several cases, none directly on point, in support of its contention that counterclaims should be allowed in response to a petition for confirmation of an award. *See Jugometal v. Samincorp*, 78 F.R.D. 504 (S.D.N.Y.1978); *Island Territory of Curacao v. Solitron Devices*, 356 F.Supp. 1 (S.D.N.Y.1973) (both cases allow respondent in a petition under Chapter 2 of the Act to bring counterclaim). To the extent the reasoning of these cases would allow a counterclaim that does not fall within the statutory defenses, we reject such reasoning.