MURDOCK, Justice
(concurring in the result).
I concur in the result reached by the main opinion.
As to Part I of the Analysis section thereof, I do not agree with the characterization of the plaintiffs’ argument regarding fraud in the inducement as an argument that “appears to proceed on the theory that the plaintiffs would have the right to rescind the loan documents because they allegedly were fraudulently induced to enter into them.” 66 So.3d at 236. Nonetheless, I do not find that the analysis and authority provided in the petition demonstrate a “clear legal right” to relief based on the ground that a jury-waiver provision in a contract is unenforceable when the party against whom the provision is sought to be enforced was fraudulently induced to enter the contract itself. I do not read the main opinion as addressing this more general issue.
Part II of the Analysis section of the main opinion couples the general principle that a “‘corporation is a legal entity, an artificial person, and can only act through agents,’ ” which it quotes from Townsend Ford, Inc. v. Auto-Owners Insurance Co., 656 So.2d 360, 363 (Ala.1995),[3] with the holding in Stevens v. Phillips, 852 So.2d 123 (Ala.2002), that the nonsignatory agent in that case could enforce for his personal benefit an arbitration agreement to which his principal was a party. Approximately a year before Stevens v. Phillips was decided, this Court decided Auvil v. Johnson, 806 So.2d 343 (Ala.2001), in which it analyzed why, in certain types of cases, a corporate employee was entitled to arbitrate claims asserted against him or her individually. The Auvil Court explained a group of four precedential decisions as extending to nonsignatory agents the right to compel arbitration as decisions that “rely or may rely on express inclusive language in the arbitration agreements.” 806 So.2d at 350 (emphasis omitted). The Court in Auvil explained four other precedents extending to nonsignatory agents the right to compel arbitration as dependent upon the “intertwined” nature of the claims against the nonsignatory agent in relation to claims against a signatory that had been successful in compelling arbitration. Id.
Even if we were to apply by analogy the law regarding the right of agents to arbitrate claims made directly against them to cases such as this one that involve only a jury-waiver provision, the first group of precedents as analyzed in Auvil would provide no support for extending the jury-waiver provision in the present case for the benefit of Colonial Bank’s former employees. I see no material distinction between the contractual language at issue in that group of precedents and Auvil, on the one hand, and the present case, on the other hand. In none of these cases is there any language that purports to extend the benefit of the arbitration or jury-waiver provision to an entity that is not a party to the agreement.
*241 As to the second group of precedents analyzed in Auvil, the claims against the employees in the present case are in fact intertwined with the claims against the principal. Further, it has been established in the present case that the jury-waiver provision will be applied to the principal.
I am not persuaded, however, that the rationale for allowing nonsignatory employees and agents to compel arbitration of claims against them that are intertwined with claims against signatory principals that are to be arbitrated applies when the issue is solely the waiver of a jury trial. As Auvil notes, arbitration cases concerned with the intertwined nature of claims against signatories and nonsignato-ries are in some measure rooted in a concern that “ ‘ “[sjeparate forums may result .in varying decisions[,j discreditable to the administration of justice.” ’ ” 806 So.2d at 347 (quoting Paine, Webber, Jackson & Curtis, Inc. v. McNeal, 143 Ga.App. 579, 581, 239 S.E.2d 401, 404 (1977), in turn quoting Starr v. O’Rourke, 5 Misc.2d 646, 647, 159 N.Y.S.2d 60, 62 (1957) (emphasis omitted)). The adjudication of a claim against one defendant by a judge and the adjudication of the claims against other defendants by a jury do not require separate forums.
More generally, I agree with the skepticism expressed in the main opinion as to the appropriateness of analogizing principles distilled from arbitration cases to cases involving jury-waiver provisions. As the main opinion notes, the Supremacy Clause of the United States Constitution applied in relation to cases construing the Federal Arbitration Act, 9 U.S.C. § 1 et seq., on the one hand, and the constitution-, al right to a trial by jury, on the other hand, result in “opposite presumptions in interpreting arbitration and jury-waiver provisions.” 66 So.3d at 239.

. This principle was applied in Townsend Ford, as it commonly is, in order to establish that the employer was bound by the acts of its employee. 656 So.2d at 363.