[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10021
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 2, 2012
JOHN LEY
CLERK

D.C. Docket No. 0:10-mc-60330-AJ


BRIDGEPOINT VENTURES, LLC,
ASCENT ACQUISITIONS, LLC,

Plaintiffs-Appellees,


versus


PANAM MANAGEMENT GROUP, INC., et al.,

Defendants,

JAMES MONAHAN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 2, 2012)

Before BARKETT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

James Monahan, the C.E.O. of a real estate development company, appeals the district court's confirmation of an arbitration award against him and in favor of Bridgepoint Ventures, L.L.C., ("Bridgepoint") on Bridgepoint's claims that Monahan had stolen money from an escrow account held pursuant to a real estate development agreement between Monahan and Bridgepoint. On appeal, Monahan argues that the district court lacked subject matter jurisdiction because, he claims, several of Bridgepoint's members are citizens of New York, the same state as Monahan, and that the district court erred in denying his motion to vacate the arbitration award.

Federal jurisdiction founded on diversity exists only if every plaintiff is diverse from every defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). A limited liability company is a citizen of any state where a member of the company is a citizen. Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC, 374 F.3d 1020, 1022 (11th Cir. 2004). We review the district court's factual findings as to a party's citizenship for clear error. MacGinnitie v. Hobbs Group, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005).

Here, in response to an order of the district court, Bridgepoint filed a

declaration by its counsel attesting that, at the time when Bridgepoint sued to enforce its arbitration award, all members of Bridgepoint were Florida citizens, and that none were citizens of New York.  On the basis of this declaration, the district court found, and Monahan did not dispute, that complete diversity existed.

Monahan argues on appeal that this finding was clearly erroneous because Bridgepoint's "Certificate of Interested Persons and Corporate Disclosure Statement" filed with this court listed several New York residents as "victims" who held an interest in any enforcement of the arbitration award.  This contention does not impugn the district court's factual determination that all members of Bridgepoint are non-New York citizens because none of the individuals to whom Monahan refers were designated in Bridgepoint's filing as members of Bridgepoint.

Monahan also argues that the district court lacked subject matter jurisdiction because, he contends, Bridgepoint's investors collusively assigned their claims to Bridgepoint in order to manufacture diversity.  However, this claim mischaracterizes the nature of Bridgepoint's suit.  In suing to enforce the arbitration award, Bridgepoint did not, as Monahan claims, exercise rights assigned to it by third parties.  Instead, Bridgepoint sought to vindicate its rights under its contract with Monahan, which are its contractual right to arbitrate and its

3

statutory right to enforce the arbitral award in district court. See 9 U.S.C. § 9; 2 Domke on Commercial Arbitration § 42.1 (3d ed. 2003) ("The award is the last step in a special contractual relationship between the parties."). Thus, Bridgepoint's suit to enforce the arbitration award was not, as Monahan argues, the product of collusive assignment of claims belonging to other parties.

Finally, Monahan attempts to challenge the substantive validity of the arbitrator's final award on several grounds. However, these claims were not raised before the district court in a properly filed motion to vacate the arbitrator's award. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) (declining to consider claims first raised on appeal). Monahan filed his motion to vacate the arbitration award in favor of Bridgepoint on December 16, 2010, six months after the award was entered on June 2, 2010. The Federal Arbitration Act requires that any motion to vacate an award "must be served . . . within three months after the award is filed or delivered . . . ." 9 U.S.C. § 12.[1]

---

[1] Monahan argues that a letter he submitted to the district court on June 29, 2010, should be construed as a timely motion to vacate the June 2, 2010, arbitration award. We find this contention meritless because Monahan's letter requested the district court to consider his submission as his "response in support of" a co-defendant's motion to vacate the arbitrator's preliminary award in favor of Bridgepoint, which was entered on February 18, 2010. According to Monahan's own characterization of his motion as challenging the preliminary award, this motion was untimely because it was filed more than three months after the preliminary award was entered. See 9 U.S.C. § 12. Therefore, we reject Monahan's argument that his June 29 letter should be construed, contrary to his own characterization, as a motion to vacate the final award entered on June 2.

4

"[A] party's failure to move to vacate an arbitral award within the three-month limitations period bars him from raising the alleged invalidity of the award as a defense in opposition to a motion to confirm the award." Booth v. Hume Publishing, Inc., 902 F.2d 925, 929 n.4 (11th Cir. 1990). Therefore, because these arguments were not properly presented to the district court in a timely motion, we do not consider them.

**AFFIRMED**