[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13971
Non-Argument Calendar
_____

D.C. Docket No. 0:10-mc-60330-AJ

BRIDGEPOINT VENTURES, LLC,
ASCENT ACQUISITIONS, LLC,

Plaintiffs - Appellees,

versus

PANAM MANAGEMENT GROUP, INC., et al.,

Defendants,

EDWARD ADAMS,

Defendant - Appellant.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 30, 2013)

Before TJOFLAT, BARKETT, and MARTIN, Circuit Judges.

PER CURIAM:

Edward Adams, proceeding *pro se*, appeals from a final judgment confirming Bridgepoint Ventures, LLC's ("Bridgepoint"), arbitration award against Adams stemming from the parties failed real estate deal.[1]  On appeal, Adams argues that the district court lacked subject matter jurisdiction over Bridgepoint's action to confirm its arbitration award because of a lack of complete diversity of citizenship on the grounds that some of the Bridgepoint condominium purchasers are citizens of New York, thereby defeating diversity jurisdiction and because Bridgepoint collusively created diversity jurisdiction in violation of 28 U.S.C. § 1359.  He also argues that the district court abused its discretion in confirming the arbitration award because Adams's due process rights were violated during the arbitration proceedings and because the arbitration award violates Florida public policy.

We reject Adams's argument regarding diversity jurisdiction as the district court was not required to consider the citizenship of the individual condominium purchasers because they are not members of Bridgepoint and are not named parties in the district court action.  We also find no merit to Adams's argument that subject matter jurisdiction is lacking because Bridgepoint collusively created

---

[1] Other entities, which are not part of this appeal, have also been held liable along with Adams, jointly and severally, for the arbitration award.

2

diversity jurisdiction in violation of 28 U.S.C. § 1359 by having the arbitrator assign to Bridgepoint the claims of the individual investors. The arbitrator correctly determined that, pursuant to the parties' agreement and under Florida law, Bridgepoint had standing to bring claims on behalf of the condominium purchasers, who were named third-party beneficiaries under the agreement. With regard to Bridgepoint's federal suit to enforce the arbitration award, Bridgepoint sought to vindicate its own rights under the parties' agreement, which it was statutorily entitled to do. See 9 U.S.C. § 9. Thus, Bridgepoint's suit to enforce the arbitration award was not the result of collusive conduct.

Finally, Adams's remaining and various arguments attacking the validity of the arbitration award are untimely. The arbitrator issued the arbitration award in February 2010 and Adams did not attempt to challenge the substantive validity of the award until near a year later. The Federal Arbitration Act requires that any motion to vacate an award "must be served upon the adverse party or his attorney within three months after the award is filed or delivered . . . ." 9 U.S.C. § 12; see also Booth v. Hume Pub., Inc., 902 F.2d 925, 929 n.4 (11th Cir. 1990) ("[A] party's failure to move to vacate an arbitral award within the three-month limitations period bars him from raising the alleged invalidity of the award as a defense in opposition to a motion to confirm the award."). Accordingly, we do not consider these remaining arguments.

3

**AFFIRMED.**