## 67356. HINELY v. BARROW.

DEEN, Presiding Judge.

On February 1, 1978, Hinely borrowed $2,500 from his father-in-law, Barrow, and on January 10, 1980, he borrowed an additional $1,000 from Barrow; on both occasions, Hinely executed promissory notes for Barrow. It is undisputed that he has never paid the indebtedness. At the time the two promissory notes were executed, Hinely was married to Barrow's daughter; they were divorced in March 1980.

Regarding that divorce, some negotiation of the property settlement took place in the office of Barrow's attorney, who also represented Mrs. Hinely in the divorce matter. Of primary importance to this case was the agreement between Hinely and his ex-wife regarding the latter's purchasing Hinely's interest in the house which they jointly owned. Hinely claimed that his equity interest in the house was $15,000, but that he had agreed to take only $12,000 in addition to Mrs. Hinely's assurances that she would get her father to forgive the two promissory notes. Hinely admitted that he had never actually discussed such a cancellation of the notes with Barrow; rather, he had reached that conclusion completely on the statements of his ex-wife. As evidence that his ex-wife had apparent authority to make a binding agreement on behalf of her father, Hinely emphasized their close familial relationship and the fact that

she had been employed as Barrow's secretary for several years. There also was some indication that after Hinely had executed the second promissory note, his ex-wife had delivered it to Barrow.

On October 23, 1980, Barrow requested payment of the indebtedness, and on December 3, 1980, his attorney repeated the demand. Hinely refused to pay on the grounds that an accord and satisfaction had occurred, and Barrow commenced this action against Hinely to recover the amount of indebtedness and interest. Following the jury's verdict for Hinely, the trial court granted judgment for Barrow notwithstanding the verdict, and Hinely appeals. *Held:*

OCGA § 13-4-101 (Code Ann. § 20-1201) provides that "[a]ccord and satisfaction occurs where the parties to an agreement, by a subsequent agreement, have satisfied the former agreement, and the latter agreement has been executed." An accord and satisfaction is a contract and thus requires a meeting of the minds of the two parties before it is valid and binding. *Sawyer v. C & S Nat. Bank,* 164 Ga. App. 177 (296 SE2d 134) (1982); *Woodstock Rd. Inv. Prop. v. Lacy,* 149 Ga. App. 593 (254 SE2d 910) (1979). In the instant case, the appellant admits that he and Barrow never personally discussed or agreed upon the cancellation of the two promissory notes; the validity of the appellant's defense of accord and satisfaction thus requires proof that Barrow had indirectly assented to such a result through the actions and statements of his daughter. In short, the appellant had the burden of proving a principal/agent relationship between the ex-wife and Barrow.

An agency relationship may arise by implication as well as by express authority, and agency may be proved by circumstantial evidence. OCGA § 10-6-1 (Code Ann. § 4-101), generally; *Arrington & Blount Ford v. Jinks,* 154 Ga. App. 785 (270 SE2d 27) (1980); *Wielgorecki v. White,* 133 Ga. App. 834 (212 SE2d 480) (1975). Agency may result where one party has apparent authority to effect the legal relations of another party by transactions with a third party, but it must be emphasized that apparent authority to do an act is created as to a third person when the statements or conduct of *the alleged principal* reasonably cause the third person to believe that the principal consents to have the act done on his behalf by the purported agent. *Shivers v. Barton & Ludwig,* 164 Ga. App. 490 (296 SE2d 749) (1982); *U. S. Fidelity & Guaranty Co. v. Hilliard,* 107 Ga. App. 266 (129 SE2d 559) (1963); *Arrington & Blount Ford v. Jinks,* supra. "[W]here the only evidence that a person is an agent of another party is the mere assumption that such agency existed, or an inference drawn from the actions of that person that he was an agent of another

party, such evidence has no probative value and is insufficient to authorize a finding that such an agency exists. [Cits.]" *Shivers v. Barton & Ludwig,* supra at 491.

In the instant case, as support for his claim that his ex-wife had acted as Barrow's agent, the appellant pointed only to the close, familial relationship enjoyed by his ex-wife and Barrow, his ex-wife's employment as Barrow's secretary, and the alleged assurances of his ex-wife that Barrow would forgive the promissory notes. This was totally insufficient to authorize a finding of agency. As noted above, the appellant admitted that there was no express agency, and, because the appellant likewise adduced absolutely no evidence of any statements or conduct of Barrow that could reasonably indicate that Barrow had consented to the appellant's ex-wife acting as his agent, there was no evidence to support the jury's verdict. The trial court thus properly granted judgment for the appellee notwithstanding the verdict.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JANUARY 5, 1984 —
REHEARING DENIED JANUARY 17, 1984 — 

*Kenneth L. Shigley, Edward K. Jones,* for appellant.
*Harold A. Lane,* for appellee.