## A96A1210. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. BLACKBURN et al.

(480 SE2d 848)

BEASLEY, Chief Judge.

Georgia Farm Bureau Mutual Insurance Company filed a complaint for declaratory judgment that, under an insurance policy it issued to the Blackburns, it is not obligated to defend them in a wrongful death action. Pursuant to the Blackburns' motion, on which oral argument was heard, the trial court granted judgment on the pleadings to them as provided by OCGA § 9-11-12 (c). The insurer's sole claim on appeal is that, within the framework of the pleadings, evidence could be introduced to sustain the relief it sought.

An examination of the record requires affirmance. First, the complaint attaches and incorporates two exhibits, an insurance policy which allegedly was in effect at the time of the residential fire which resulted in the deaths plus the complaint in the underlying lawsuit. It is not disputed that the fire occurred on January 28, 1994. The policy attached is for the period August 28, 1993 to August 28, 1994. The insurer subsequently amended the complaint, striking that insurance policy and substituting another policy which covered the period August 28, 1994 to August 28, 1995. It is obvious that this policy was not in effect at the time of the fire, which leaves no policy as part of the complaint.

In its appellate brief, the insurer states that its complaint requests the grant of declaratory judgment "based upon a business pursuits exclusion" and admits that the exclusion quoted in the complaint is not the applicable section. Thus it admits that it would not be entitled to a declaration of non-coverage on that quoted exclusion. It follows that judgment on that pleading for defendants is warranted.

Second, insurer posits that the erroneously quoted exclusion's replacement is in an amendment to the policy, is attached to the complaint, and is the basis for its claim of non-coverage. Since appellant does not cite the record, it is not certain whether it is referring to the policy in effect at the time of the fire, which it struck from its complaint, or the policy it substituted, which was not in effect at the time of the fire.

Assuming that appellant means the policy in effect at the time, and overlooking the fact that it was stricken from the pleadings, appellant's argument is that evidence would show that the property at which the fire occurred was not covered by the policy. However, as pointed out by the Blackburns, the insurer's complaint alleges that the fire occurred on their property, and their counsel stated at oral argument that "[t]here is no issue in this case that the — the plot of land, the acreage where this alleged incident occurred was covered

by this policy. There is no issue about that." This is a different basis for non-coverage than was urged before the trial court. There the insurer claimed exclusion because the residence was being put to a business use, i.e., rental, so that "exclusion g" (the replacement version) precluded coverage. This is the issue the trial court ruled on, in that the policy unambiguously covers "the liability arising out of additional farm premises with buildings owned or occupied by the insured or rented to others." An appellant cannot travel on one ground below, find the wind blowing in another direction, change tack, and head elsewhere on appeal. "[W]here the objection urged below is not argued here it must be treated as abandoned, and where an entirely different basis of objection is argued on appeal which was not presented at trial, we will not consider this as error, for we are limited on appeal to those grounds presented to and ruled upon by the trial court and then enumerated as error. [Cit.]" *Ehlers v. Schwall & Heuett*, 177 Ga. App. 548, 550 (340 SE2d 207) (1986). *Knight v. State*, 216 Ga. App. 200, 201 (1) (453 SE2d 798) (1995).

Finally, appellant has not demonstrated, by its brief, that the trial court erred in its rulings.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 31, 1996.

*McClure, Ramsay & Dickerson, John A. Dickerson, Luther H. Beck, Jr.,* for appellant.

*Law Offices of E. Wycliffe Orr, E. Wycliffe Orr, Kristine E. Orr, Carey, Jarrard & Walker, Mary R. Carden,* for appellees.