## A99A1940. BOGGS v. MADISON COUNTY et al.
(524 SE2d 252)

ELDRIDGE, Judge.

Plaintiff-appellant Carol E. Boggs appeals pro se from a grant of summary judgment to defendant-appellee Madison County and adds as parties on appeal Nathanial Hobbs, Building Inspector; Leo Smith, Commissioner of Madison County; and the Madison County Planning & Zoning Commission. From a convoluted procedural history, we adduce the following facts:

Plaintiff owned a 72-foot-long mobile home that she wanted to move from Loganville to Madison County. In furtherance thereof, she purchased Lot 13 of the Madison Acres Mobile Home Subdivision. On May 3, 1994, plaintiff applied for a Madison County manufactured home permit. Such permit is required before a mobile home can be moved into Madison County and permanently set up. At the time she applied for the permit, defendant Nathanial Hobbs, Building Inspector, gave plaintiff a complete information package, which contained information regarding Madison County requirements for the set-up of a manufactured home, including foundation, set-back, and inspection requirements following set-up in order to ensure compliance with Madison County regulations. At the time that the permit was sought and pursuant to requirements, plaintiff brought in a plat of the subdivision. She showed Hobbs the plat and informed him that she intended to place her mobile home diagonally on Lot 13 and that such placement would comply with the county's set-back requirements.[1] Hobbs issued a permit to plaintiff, and, at that time, plaintiff signed such permit certifying that "[a]ll provisions of laws and ordinances governing this type of work will be complied with."

On June 5, 1994, plaintiff's mobile home was transported to Lot 13 of the subdivision and placed diagonally on the lot. However, the immediately surrounding mobile homes were placed horizontally, facing the street. A county zoning ordinance required placement of plaintiff's mobile home in a manner "for which a pattern has been established." Before plaintiff's mobile home could be tied down and set up permanently, her new neighbors called the Building Inspector's office, complaining about the placement of plaintiff's mobile home.

Because of the zoning ordinance, defendant Hobbs would not permit plaintiff to set up her mobile home diagonally on Lot 13. Hobbs informed plaintiff that he had forgotten the zoning ordinance at the time they discussed the placement of plaintiff's mobile home and he issued the permit.

---

[1] These requirements are 20 feet from property lines and 50 feet from the center of the road.

At her request, plaintiff was referred to Hobbs' supervisor, Earl Cooper. Cooper gave plaintiff a copy of the minutes reflecting the action of the Board of Commissioners with regard to establishing the relevant zoning ordinance. The minutes stated:

A Motion was passed by the Board of Commissioners on March 08, 1994 to "grandfather" all subdivisions and manu- factured home parks whose final plats were approved on or before December 31, 1993 thereby permitting the placement of [a] dwelling for which a pattern has been established or as intended by the subdivision developer or manufactured home park owner.

Cooper explained to plaintiff that, pursuant to this ordinance, county set-back requirements that would otherwise apply were *excused* in a manufactured home park affected by the action of the board. However, despite the fact that county set-back requirements need not figure in the placement of her mobile home, plaintiff still wanted to position her mobile home diagonally on Lot 13.[2] At her request, plaintiff was next referred to Cooper's immediate superior, Bill Madden, Chairman of the Board of Commissioners of Madison County.

Plaintiff met with Madden. At their meeting, he informed plain- tiff that she would need to seek a zoning variance with the County in order to place her mobile home diagonally on the lot and that it would take six months to a year for such variance request to be placed on the Planning & Zoning Commission's calendar and decided upon.

Thereafter, on June 29, 1994, plaintiff filed a pro se suit against defendants for breach of contract.[3] Plaintiff's complaint was pre- mised on the notion that the county issued the mobile home permit knowing that she intended to place her mobile home diagonally on Lot 13; that the mobile home permit was a contract between plaintiff and the defendants which authorized such diagonal placement; that plaintiff moved her mobile home to Madison County in reliance on such contract; and that the contract was breached when the diagonal set-up of the mobile home was denied. Defendants filed a motion for summary judgment on plaintiff's contract action, alleging: (1) a mobile home permit is not a contract; and (2) plaintiff signed the per-

---

[2] Plaintiff stated that "[b]ecause of the large tree and the length of [the] trailer, it had to fit diagonally" on the lot.

[3] Plaintiff then relocated her mobile home to land she subsequently purchased in Lex- ington, Georgia; she moved in at the beginning of September 1994. The finance company released plaintiff from liability on her contract to purchase Lot 13 of Madison Acres, and plaintiff's down payment thereon was returned to her.

mit certifying that she would comply with "[a]ll provisions of laws and ordinances," which included the zoning ordinance in question.

However, prior to a ruling on defendants' motion, and with the consent of all parties, the trial court permitted plaintiff to: dismiss with prejudice her complaint against defendants Hobbs, Smith, and the Zoning Commission; join Madison County as a new party defendant; and pursue her complaint as one for inverse condemnation against Madison County.

Plaintiff then amended her complaint as one for inverse condemnation and claimed that Madison County "exceeded its police powers by granting a building permit, permitting the Plaintiff to rely on it and then, arbitrarily, withdrawing the permit, citing an ordinance requirement of set-back lines which it had capriciously enforced in the past."

Madison County filed a motion for summary judgment on plaintiff's inverse condemnation action, claiming: (1) plaintiff failed to exhaust administrative remedies prior to the filing of her suit in that she failed to seek a zoning variance; and (2) plaintiff failed to show that the zoning ordinance was invalid in that it was unrelated to a public benefit. The trial court granted summary judgment to Madison County on plaintiff's inverse condemnation action. *Held*:

Plaintiff, again pro se, filed the instant appeal. As best we can decipher, plaintiff now alleges that Madison County — along with Building Inspector Hobbs, Commissioner Smith, and the Madison County Planning & Zoning Commission — committed acts of negligence against her. In her brief to this Court, plaintiff contends:

> Mr. Hobbs['] negligence in issuing [a] permit cause[d] extreme damages, financial punitive, structural, making liable the County, its agents, by tort law. . . . All of these, especially Mr. Hobbs[,] took money for Plaintiff's permit and told her she had met any and all restrictions. Obvious negligence and wrongful act causing hardships, structural damages, financial and punitive damages. Tort law applies here.

By asserting on appeal new theories of tort liability on the part of Madison County (and others), which contentions were neither raised nor ruled upon in the court below, plaintiff has failed to allege any basis for review by this Court.[4]

---

[4] "An action for the value of private property taken or damaged for a public purpose is not, in the ordinary parlance, either a tort or a contract; it is simply a constitutional right which the citizen may not be denied." (Citations omitted.) *C.F.I. Constr. Co. v. Bd. of Regents &c. of Ga.*, 145 Ga. App. 471, 476 (4) (243 SE2d 700) (1978).

An appellant cannot travel on one ground below, find the wind blowing in another direction, change tack, and head elsewhere on appeal. Where the objection urged below is not argued here it must be treated as abandoned, and where an entirely different basis of objection is argued on appeal which was not presented at trial, we will not consider this as error, for we are limited on appeal to those grounds presented to and ruled upon by the trial court and then enumerated as error.

(Citations and punctuation omitted.) *Ga. Farm &c. Ins. Co. v. Blackburn*, 223 Ga. App. 423, 424 (480 SE2d 848) (1996). Accordingly, plaintiff's tort theory of liability presents no grounds for reversing the trial court's grant of summary judgment to Madison County on plaintiff's inverse condemnation claim.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 28, 1999 —
RECONSIDERATION DENIED NOVEMBER 17, 1999.

Carol E. Boggs, *pro se.*
McLeod, Benton, Begnaud & Marshall, Andrew H. Marshall, Michael C. Pruett, for appellees.

