A00A2183. MAGNUS HOMES, LLC v. DeROSA et al.
(545 SE2d 166)

MILLER, Judge.

Dissatisfied with the inability and refusal of their builder, Magnus Homes, LLC, to remedy numerous construction defects and deficiencies in their new residence, Sam and Natalie DeRosa sued Magnus, alleging a variety of tort and contract claims. After a bench trial, the State Court of Henry County found by a preponderance of the evidence that "many items were deficient and were in breach of warranty standards, and were in breach of contract, and were the result of negligent construction." The court further found by clear and convincing evidence that Magnus committed "gross negligence and fraud in reference to a few items," and awarded plaintiffs judgment in the amount of $37,675, including $13,000 in attorney fees.[1] On appeal, Magnus contends the trial court erred in denying its motion for directed verdict because plaintiffs failed to adduce evidence of the proper measure of damages and further erred in awarding attorney fees because plaintiffs failed to differentiate between successful and unsuccessful claims. We affirm.

1. At the close of plaintiffs' case, Magnus moved for a directed verdict[2] on the ground plaintiffs failed to properly provide evidence of damages, arguing they proved only the costs to repair and failed to adduce any evidence of the diminution in the value of the residence as constructed.

In this regard, Magnus

> correctly notes . . . that the true measure of damages [for breach of a construction contract or negligent construction] is the difference between the value of the work as actually

---

[1] See OCGA § 13-6-11.

[2] In a bench trial, where there is no verdict by a jury, a motion for directed verdict is treated as a request for involuntary dismissal under OCGA § 9-11-41 (b). *Pichulik v. Air Conditioning &c.*, 123 Ga. App. 195, 196 (2) (180 SE2d 286) (1971).

done and the value which it would have had if it had been done properly [under] the contract. [But Magnus's] contention that [the DeRosas] failed to offer any proof in accordance with this measurement is without merit since this difference in value can be shown by evidence of the reasonable cost of correcting the defect. Proof of the cost of repair because of the defective construction is illustrative of the difference in value claimed as damages, and is more likely to represent the true damage suffered from the failure of a contractor to complete his contract than would the opinion of an expert as to the difference in values, though such proof would also have been permissible.[3]

The amount of reasonable costs to repair is circumscribed by the fair market value of the property and the contract price, because the owner cannot be placed in a better position than if the contract had not been breached.[4]

In all nonjury trials, the trial court's findings of fact "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."[5] And at a bench trial, the trial court's ruling on an OCGA § 9-11-41 (b) motion for involuntary dismissal will not be disturbed if there is "any evidence" to support it.[6] Here, there is expert opinion evidence of the estimated costs (over $52,000) to replace or repair those defects for which recovery was granted. The evidence does not demand a finding that Magnus substantially complied with the duty the law imposes on builders[7] to exercise that degree of reasonable care, skill, and ability as is ordinarily employed by others in the same profession. Consequently, the trial court did not err in refusing to grant an involuntary dismissal on this ground.

2. Magnus further enumerates the denial of its motion for

---

[3] (Citations and punctuation omitted.) *Williams Tile &c. v. RA-LIN & Assoc.*, 206 Ga. App. 750, 751-752 (4) (426 SE2d 598) (1992).

[4] See *Ryland Group v. Daley*, 245 Ga. App. 496, 502 (7), fn. 18 and accompanying text (537 SE2d 732) (2000); *Ray v. Strawsma*, 183 Ga. App. 622, 623-624 (1) (359 SE2d 376) (1987). See also *Small v. Lee & Bros.*, 4 Ga. App. 395 (61 SE 831) (1908) (cost to repair inappropriate measure of recovery where builder has substantially complied with contract terms and alleged defects amounted to only slight deviation which did not affect the use of the house for its intended purposes).

[5] OCGA § 9-11-52 (a).

[6] *Hamil v. Stanford*, 264 Ga. 801, 802 (1) (449 SE2d 118) (1994).

[7] *Howell v. Ayers*, 129 Ga. App. 899, 900 (1) (202 SE2d 189) (1973). See also *Trustees of the Monroe Female Univ. v. Broadfield*, 30 Ga. 1, hn. 1 (1859):

When carpenters agree to do work, according to specifications, in a neat and workman-like manner, and fail, not only to comply with the contract, but do the work unskillfully and negligently, they are liable to respond in damages to the employer, for all injuries resulting from the breach of the contract.

directed verdict on the ground that "the conclusory opinions offered by the DeRosas' expert . . . were not supported with any facts to provide the trial court with grounds to arrive at its decision."

"A motion for directed verdict shall state the specific grounds therefor."[8] "By the great weight of authority, one appealing the denial of a motion for directed verdict may not raise for the first time on appeal a ground not specifically raised in the original motion."[9] In our view, this rule applies to OCGA § 9-11-41 (b) motions for involuntary dismissal as well.

> Where the objection urged below is not argued here it must be treated as abandoned, and where an entirely different basis of objection is argued on appeal which was not presented at trial, we will not consider this as error, for we are limited on appeal to those grounds presented to and ruled upon by the trial court and then enumerated as error.[10]

Magnus raised three grounds in its motion to the trial court, but an objection to conclusory opinions (in essence, an objection to lack of foundation) is not among them. The error enumerated was not properly made below and so was not preserved for appellate review.[11] Consequently, no question is presented for decision on appeal.[12]

3. The second enumeration contends the trial court erred in awarding OCGA § 13-6-11 attorney fees and expenses of litigation because plaintiffs failed to differentiate between costs attributable to the underlying litigation and those attributable to matters unrelated to this litigation.

Plaintiffs' counsel stated in his place that he spent seven months trying to resolve the DeRosas' complaints short of litigation and ultimately put in 122.5 hours, billing at an hourly rate about 13 percent below that charged by less experienced civil litigators in the area. In addition to his fees of approximately $16,000, counsel incurred more than $3,000 in expenses. Substantial research efforts and two court appearances were required to respond to Magnus's motion to compel arbitration under the Federal Arbitration Act or, alternatively, under

---

[8] OCGA § 9-11-50 (a).

[9] (Citations omitted.) *Johnson v. Hensel Phelps Constr. Co.*, 250 Ga. 83, 84 (295 SE2d 841) (1982).

[10] (Citations and punctuation omitted.) *Boggs v. Madison County*, 240 Ga. App. 849, 852 (524 SE2d 252) (1999).

[11] This ground could have been raised in a motion for new trial, which is a proper procedural vehicle to extend the time for filing a notice of appeal after a bench trial. OCGA § 5-6-38 (a); *All Phase Elec. Supply Co. v. Foster & Cooper, Inc.*, 193 Ga. App. 232, 233 (1) (387 SE2d 429) (1989).

[12] *Boggs*, supra, 240 Ga. App. at 852.

a homeowners warranty program. Plaintiffs propounded a single set of discovery requests and took no depositions, while Magnus took five depositions, including one on the eve of trial. Counsel affirmed that his time sheets reflected his attempts to settle the original dispute and his dealing with home buyers warranty issues. Counsel justified his inclusion of that time on the ground that "in large part the [warranty] items were spawned from the motion to stay [proceedings and compel arbitration]."

Successful plaintiffs may recover under OCGA § 13-6-11 attorney fees and expenses of litigation only to the extent they are attributable solely to the claims on which they prevailed.[13]

In our view, the trial court would have been authorized to conclude that time spent by plaintiffs' counsel successfully defending the motion to compel arbitration, whether under the federal act or under a warranty program, was substantially related to the ultimate prosecution of the claims raised in the state court. Consequently, we do not agree with Magnus's characterization that the DeRosas were "also pursuing a warranty claim against Home Buyers Warranty." Rather, the evidence is that plaintiffs wrote letters to *preserve* warranty rights in the event Magnus successfully demanded arbitration. Moreover, the total award of OCGA § 13-6-11 expenses of litigation is $13,000, representing an award of only $10,000 in attorney fees after costs. This is at most only two-thirds of what the evidence authorized, indicating that the trial court gave Magnus a substantial discount precisely to avoid awarding costs not directly attributable to successful claims. Magnus has not enumerated the trial court's finding of fraud, which independently supports an award of OCGA § 13-6-11 expenses of litigation.[14] The evidence is sufficient to support this award against the residential builder.[15]

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 12, 2001.

*Glover & Davis, J. Littleton Glover, Jr., Peter A. Durham*, for appellant.

*John W. Mrosek*, for appellees.

---

[13] *United Cos. Lending Corp. v. Peacock*, 267 Ga. 145, 147 (2) (475 SE2d 601) (1996).
[14] *Kopp v. First Bank of Ga.*, 235 Ga. App. 520, 524 (3) (509 SE2d 384) (1998).
[15] See *Runion v. Hofer*, 245 Ga. App. 854, 855 (1) (538 SE2d 462) (2000).