A01A2349. WOODHAM v. THE STATE.
(558 SE2d 454)

ANDREWS, Presiding Judge.

John Floyd Woodham appeals from his conviction, following a bench trial, of making an illegal left turn.

Woodham was driving in front of Atlanta Police Officer Boyd around 1:30 a.m. on February 9, 2001. Officer Boyd, traveling north on Piedmont Road, observed Woodham move left from one lane to another without signaling. Shortly thereafter, Officer Boyd observed Woodham stop at the intersection of Piedmont Road and East Wesley

and then turn left onto East Wesley, again without signaling.

The Uniform Traffic Citation issued by Officer Boyd charged Woodham with "[i]mproper left turn in violation of [OCGA §] 40-6-120. . . ." The REMARKS section of the UTC stated, "NB on Piedmont made left lane change w/o signal in front of a car, made left turn without signal onto E. Wesley oncoming traffic no signal."

1. Woodham's first enumeration is that the trial court erred in denying his motion for directed verdict of acquittal. But,

> the trial court could not have directed a verdict of acquittal because there is no verdict in a bench trial. Therefore, even if a motion for a directed verdict was made, such a motion has no meaning when a case is tried without a jury. . . . [T]he issue is whether the evidence was sufficient at trial to support a conviction under the standards of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(Citation omitted.) *Jones v. State*, 226 Ga. App. 608, 609 (487 SE2d 89) (1997). See also *Poole v. State*, 249 Ga. App. 409, 410 (548 SE2d 113) (2001); *Goodson v. State*, 242 Ga. App. 167, 168 (529 SE2d 175) (2000).

The evidence was legally sufficient. *Jackson v. Virginia*, supra.

2. In his second enumeration, Woodham contends that the trial court erred in allowing the "de facto" amendment to the charges against him.[1] This argument is premised upon Woodham's contention that, because the officer included the incorrect numerical reference to the statute which he was charged with violating, prosecution could not proceed pursuant to the UTC even if the factual allegations alleged all the elements of the Code section meant to be referenced.[2]

This contention, however, is incorrect and has been determined adversely to Woodham by *Miller v. State*, 182 Ga. App. 700, 701 (356 SE2d 900) (1987), and *Curtis v. State*, 80 Ga. App. 244, 246 (55 SE2d 758) (1949). See also *Davis v. State*, 272 Ga. 818, 819 (1) (537 SE2d 327) (2000); *Johnson v. State*, 247 Ga. App. 157, 160 (2) (543 SE2d 439) (2000).

3. Finally, Woodham contends that the trial court's finding of guilt violates the double jeopardy protections of OCGA § 16-1-8. Any such claim is not yet ripe. *McCuen v. State*, 191 Ga. App. 645, 646 (382 SE2d 422) (1989). See generally *Pennyman v. State*, 222 Ga. App. 779 (476 SE2d 71) (1996).

---

[1] There was, in fact, neither a de facto nor a de jure amendment to the UTC. The trial was conducted on the UTC issued by the officer.

[2] The UTC referred to OCGA § 40-6-120, when the proper reference was OCGA § 40-6-123.

*Judgment affirmed. Eldridge and Miller, JJ., concur.*

DECIDED DECEMBER 19, 2001.
Traffic violation. Fulton Traffic Court. Before Judge Hairston.
John F. Woodham, *pro se.*
*Joseph J. Drolet, Solicitor-General, Craig E. Miller, Assistant Solicitor-General,* for appellee.