## A02A2147. DRAKE v. WALLACE.
### (576 SE2d 87)

MIKELL, Judge.

Eddie Drake filed the underlying action against Cedric Wallace, alleging that Wallace defaulted on a promissory note. In his answer, Wallace denied that he was indebted to Drake, although he admitted executing the note at issue. Following a bench trial, the court granted a directed verdict in favor of Wallace, based on a finding that the promissory note lacked consideration. After the denial of his motion for a new trial, Drake filed the present appeal, arguing that the court erred in granting Wallace's motion for a directed verdict. We affirm.

The evidence demonstrates that Drake and Wallace were equal co-owners of a business. Drake testified that Wallace withdrew over $100,000 in company funds and that he filed suit against Wallace to recover the money. The two parties agreed to settle the lawsuit for $50,000. Drake provided Wallace with a proposed promissory note. After striking through three paragraphs, Wallace signed the note, which provided, in part: "FOR VALUE RECEIVED, the undersigned Maker promises to pay to the order of EDDIE DRAKE ('Holder') the principal sum of Fifty Thousand and No/100 ($50,000.00) Dollars." Drake testified that he dismissed the action against Wallace in exchange for Wallace's execution of the promissory note. Wallace admitted that he agreed to settle the suit for $50,000; that he executed the promissory note at issue; and that he failed to make a single payment on the note. However, he further testified that the note was invalid and that he had not received any money from Drake.

1. As a preliminary matter, Drake argues that the trial court erred in considering the defense of lack of consideration, because Wallace failed to raise it in his answer. Drake is correct that consideration is among the affirmative defenses listed in OCGA § 9-11-8 (c) that generally are deemed waived if the defendant fails to plead them. See *Brown v. Little*, 227 Ga. App. 484, 485 (1) (489 SE2d 596) (1997) ("if the affirmative defense is not pled, it is waived"); *Dromedary, Inc. v. Restaurant Equip. Mfg. Co.*, 153 Ga. App. 103 (264 SE2d 571) (1980) ("[f]ailure of consideration is an affirmative defense which must be pleaded").

However, in the case sub judice, counsel for Wallace raised the defense of lack of consideration in his opening statement and again in a motion for directed verdict at the close of the evidence. Drake failed to object that Wallace raised an affirmative defense that had been waived. Rather, Drake's counsel argued the merits of that defense. Thus, the trial court did not err in considering the defense of lack of consideration. OCGA § 9-11-15 (b) provides that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had

been raised in the pleadings." See *Bowers v. Howell*, 203 Ga. App. 636, 637-638 (1) (417 SE2d 392) (1992) (affirmative defense was not waived because plaintiff failed to object to introduction of the defense at trial).

2. Next, Drake argues that the court erred in granting a directed verdict to Wallace. In jury trials, "a directed verdict is appropriate only if there is no conflict in the evidence as to any material issue and the evidence introduced, construed most favorably to the party opposing the motion, demands a particular verdict." *St. Paul Mercury Ins. Co. v. Meeks*, 270 Ga. 136, 137 (1) (508 SE2d 646) (1998), citing OCGA § 9-11-50 (a). However, "[i]n a non-jury case, it is procedurally incorrect to move for a directed verdict; and such a motion (as well as the grant thereof) will be [treated] as one for involuntary dismissal under Section 41 (b) of the Civil Practice Act." *Kennery v. Mosteller*, 133 Ga. App. 879, 880 (212 SE2d 447) (1975), citing *Pichulik v. Air Conditioning &c. Co.*, 123 Ga. App. 195, 196 (2) (180 SE2d 286) (1971). Accord *Magnus Homes, LLC v. DeRosa*, 248 Ga. App. 31 (1), n. 2 (545 SE2d 166) (2001). See also *Woodham v. State*, 253 Ga. App. 112, 113 (1) (558 SE2d 454) (2001) ("the trial court could not have directed a verdict . . . because there is no verdict in a bench trial. . . . [E]ven if a motion for directed verdict was made, such a motion has no meaning when a case is tried without a jury.").

OCGA § 9-11-41 (b) provides, in pertinent part:

> After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine the facts and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.

In a nonjury trial, the court's findings of fact will not be set aside unless they are clearly erroneous, and "due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." (Punctuation omitted.) *Magnus Homes*, supra at 32 (1), citing OCGA § 9-11-52 (a). Further, the trial court's ruling on an OCGA § 9-11-41 (b) motion for involuntary dismissal will not be disturbed if there is "any evidence" to support it. *Hamil v. Stanford*, 264 Ga. 801, 802 (1) (449 SE2d 118) (1994). Accord *Magnus Homes*, supra. Contrary to Drake's argument, the court was not required to construe the evidence in a light most favorable to Drake as the nonmoving party. *Pichulik*, supra at 197. Because there is evidence to support the trial

court's judgment in favor of Wallace, we cannot conclude that it was entered in error.

> OCGA §§ 13-3-1 and 13-3-2 provide that a contract is not complete and enforceable until there is a meeting of the minds as to all essential terms. "To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate." OCGA § 13-3-1. Each of these essential terms must be certain. The requirement of certainty extends not only to the subject matter and purpose of the contract, but also to the parties, consideration, and even the time and place of performance.

(Footnote omitted.) *Peace v. Dominy Holdings*, 251 Ga. App. 654, 655-656 (1) (554 SE2d 314) (2001). First, there is support in the record for finding that there was no meeting of the minds in this case and, therefore, that the promissory note was unenforceable. Significantly, Wallace struck three significant provisions in the proposed note concerning default, interest, and costs associated with collection before he signed it, but there is nothing in the record to indicate Drake's acceptance of Wallace's changes to the proposed note. See *Autrey v. UAP/GA AG CHEM*, 230 Ga. App. 767, 769 (1) (a) (497 SE2d 402) (1998) ("The parties must agree on all essential terms for a contract to be enforceable."). Furthermore, there is at least some evidence that the parties did not agree that settlement of the original lawsuit would provide consideration for the note. OCGA § 13-3-42 (a) requires that "a performance or a return promise must be bargained for by the parties to a contract" in order to constitute consideration. In this case, the note does not refer to the dismissal of Drake's action as consideration, and there is no written settlement agreement in the record to memorialize the terms of the parties' agreement. Moreover, Wallace testified that the note was invalid and that he had not taken money from the company.

Accordingly, after hearing the evidence, the trial court did not err in concluding that Drake was not entitled to relief and in granting what amounted to a motion for involuntary dismissal. We affirm the judgment of the trial court.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JANUARY 9, 2003.

*Bynum & Lewis, Joe H. Bynum, Jr.*, for appellant.

*Constangy, Brooks & Smith, Robert D. Ware, Wade W. Mitchell,* for appellee.