A03A1560, A03A1561. STEWART et al. v. FAVORS et al.; and vice versa.

(590 SE2d 186)

SMITH, Chief Judge.

We granted an interlocutory appeal to decide whether the trial court correctly denied the defendants' motion to compel arbitration in this action in which ten plaintiffs challenge several consumer finance and other related contracts. We conclude that the trial court correctly refused to compel arbitration, albeit for reasons different from those stated in the trial court's order.

Plaintiff[1] Arthur Favors and nine other named plaintiffs (collectively "Favors") brought suit against John Ben Stewart, Jr., Stewart Finance Company,[2] Stewart Finance Company Holdings, Inc., Preferred Choice Auto Club, Inc., and Stewart & Lawrence Insurance Agency of Georgia, Inc. (collectively "Stewart") alleging that the defendants had engaged in fraudulent and illegal practices that form a predatory lending scheme. The plaintiffs alleged that defendants targeted aged and disabled citizens receiving Social Security and Supplemental Security Income benefits by locating their offices near Social Security offices and by direct consumer advertising soliciting applications for small cash loans.

Plaintiffs alleged that as a prerequisite to obtaining such loans, defendants required plaintiffs to have their benefit checks directly deposited into accounts in a bank chosen by defendants and under defendants' control. According to plaintiffs, defendants then debited these accounts for loan payments and charged plaintiffs for other withdrawals. In conjunction with the small cash loans, for which defendants charged a high rate of interest, defendants also required plaintiffs to purchase various financial products that were useless to the plaintiffs, such as auto club memberships, "non-recording insurance" to cover the loss of personal property pledged as collateral, and other unnecessary insurance, the fees for which were added into the loans. Defendants also required plaintiffs to execute, either separately or as provisions in other documents, arbitration agreements. In their complaint, plaintiffs specifically sought a declaration that these arbitration provisions were unenforceable.

Defendants answered and moved to compel arbitration. The trial court denied the motion, concluding that "defendants did not make a prima facie case that plaintiffs agreed to arbitrate and that plaintiffs'

---

[1] Because of the existence of both an appeal and a cross-appeal, for the sake of clarity we refer to the parties as plaintiffs and defendants rather than appellants and appellees.

[2] Stewart Finance Company filed for bankruptcy on February 10, 2003, and originally did not participate in this appeal because of the automatic stay. But by order entered July 17, 2003, the bankruptcy court granted defendants' motion seeking limited relief from the stay by allowing Stewart Finance Company to participate in the appeal.

claims are covered by the arbitration agreement." Relying upon *Phillips Constr. Co. v. Cowart Iron Works*, 250 Ga. 488 (299 SE2d 538) (1983), the trial court certified its order for immediate review,[3] and we granted the interlocutory appeal.

1. The arbitration provisions in issue recite that they are to be governed by the rules of the American Arbitration Association and that the parties anticipate application of the United States Arbitration Act ("the Act"). The Act

> is a powerful statute that governs enforceability of the majority of commercial arbitration agreements throughout the nation and preempts any additional requirements for arbitration agreements imposed by states. [It] mandates that federal courts enforce an arbitration provision . . . if the provision satisfies three conditions. First, it must be in writing. Second, the arbitration provision must relate to a maritime transaction or a transaction involving interstate commerce. Third, the arbitration agreement must be valid and able to withstand any legal or equitable grounds for the revocation of any contract.

(Footnotes omitted.) Egle, Notes & Comments, Back to *Prima Paint Corp. v. Flood & Conklin Manufacturing Co.*: To Challenge an Arbitration Agreement You Must Challenge the Arbitration Agreement, 78 Wash. L. Rev. 199, 200 (2003).

The agreement in issue is in writing, and neither party challenges its relation to interstate commerce. Significant disputes exist regarding the merits of Favors's underlying claims regarding the contracts, but the sole issue presented on appeal is the validity and enforceability of the arbitration provisions. In two enumerations, Stewart contends the trial court erred in determining that it had not made a prima facie case that Favors agreed to arbitrate or that Favors's claims are covered by the arbitration agreement. We need not decide whether the basis for the trial court's ruling was correct, because we conclude for other reasons that the trial court correctly denied Stewart's motion to compel arbitration. It is well established that a trial court's ruling that is right for any reason must be affirmed. *Corbin v. Regions Bank*, 258 Ga. App. 490, 497 (574 SE2d 616) (2002).

The seminal case regarding who is to decide whether an arbitration clause is enforceable is *Prima Paint Corp. v. Flood & Conklin*

---

[3] In *Phillips Constr.*, our Supreme Court held that because trial courts' decisions on motions to stay judicial proceedings pending arbitration have "significant consequences," parties should be allowed to appeal such determinations immediately. Id. at 489, 490.

*Mfg. Co.*, 388 U. S. 395 (87 SC 1801, 18 LE2d 1270) (1967). In *Prima Paint,* the entire contract was attacked on the ground that it was fraudulently induced.[4] The contract included a broad arbitration provision, which Flood & Conklin sought to enforce. The Supreme Court held that a court "may consider only issues relating to the making and performance of the agreement to arbitrate"; it may not consider issues going to the making and performance of the contract generally. Id. at 404. No claim was made by Prima Paint that it had been fraudulently induced to enter into the agreement to arbitrate, id. at 406, and the Supreme Court affirmed the decision denying a stay. Id. at 407.

Stewart contends that "most of plaintiffs' defenses [sic] are directed to the loan transaction documents *as a whole,* not just the arbitration agreement that is a part of those documents," and an arbitrator therefore must decide whether the arbitration provisions are enforceable. To the extent Stewart argues that whenever the entire contract is challenged, issues regarding the enforceability of an arbitration clause must be decided by arbitrators, Stewart misconstrues the holding of *Prima Paint.* In *Prima Paint,* the Supreme Court did not reach the issue of who has authority to rule on a party's claim that the entire contract containing an arbitration clause is void ab initio, because it was not necessary given the specific facts of that case. Since the decision in *Prima Paint,* courts have reached conflicting decisions regarding this issue: whether a court or an arbitrator should resolve claims that the entire contract, *and therefore an arbitration clause contained in such a contract,* is unenforceable.[5] Egle, supra at 201. But in this case, the trial court under either view was correct in denying Stewart's motion to compel arbitration because in Count 1 of the complaint, Favors raised a clear and specific challenge to the enforceability of the arbitration provisions in both the loan contract and the agreement accompanying the auto club contract. Under these circumstances, the lower courts construing *Prima Paint*

---

[4] Prima Paint, the purchaser of Flood & Conklin's paint business, claimed it was fraudulently induced to make the acquisition by Flood & Conklin's misrepresentation that it was solvent and able to perform, when actually it was completely insolvent. *Prima Paint Corp.,* supra at 396-398.

[5] The Third, Ninth, and Eleventh Circuits have held that when the validity of the entire contract containing an arbitration provision is challenged, courts should decide the question. See *Sandvik AB v. Advent Intl. Corp.,* 220 F3d 99, 107 (3rd Cir. 2000); *Three Valleys Municipal Water Dist. v. E. F. Hutton & Co.,* 925 F2d 1136, 1140-1141 (9th Cir. 1991); *Chastain v. Robinson-Humphrey Co.,* 957 F2d 851, 854 (11th Cir. 1992). The Fifth and Sixth Circuits have decided that even when the claim is that the entire contract is void, to avoid arbitration a specific allegation must be made that the arbitration provision itself is invalid. See *Lawrence v. Comprehensive Business Svcs. Co.,* 833 F2d 1159, 1161-1162 (5th Cir. 1987); *C.B.S. Employees Fed. Credit Union v. Donaldson, Lufkin & Jenrette Securities Corp.,* 912 F2d 1563, 1567-1568 (6th Cir. 1990); Egle, supra at 201.

are in agreement that it is the court that has authority to decide whether the arbitration provision is enforceable.

Stewart argues that *Results Oriented v. Crawford*, 245 Ga. App. 432 (538 SE2d 73) (2000), controls this case adversely to Favors. But *Results Oriented* actually supports our conclusion that the trial court's ruling in this case was correct. In *Results Oriented*, no specific challenge was made to the making of the arbitration clause in the contract. This court held that because the contract also contained a severability provision, "it would have been proper for the trial court to determine that Crawford had not agreed to 'arbitrate arbitrability' had Crawford presented evidence that he was aware of the arbitration clause and shown that it was unconscionable or induced by fraud." Id. at 440 (1) (c). Crawford did not do so, and this court reversed the trial court's determination that the arbitration clause was unconscionable. "[A]bsent Crawford's proof of unconscionability under Georgia or Alabama law, the only claim presented to the trial court was that of fraud in the inducement of the entire contract, which must be arbitrated." Id. at 438 (1) (b).[6]

Here, in contrast, Favors raised a clear challenge to the arbitration agreements *in addition to* challenging the underlying contracts. Favors also presented evidence showing unconscionability, which the trial court had authority to consider under the holding in *Results Oriented*. Under *Results Oriented*, the trial court therefore reached the correct conclusion.

We need not decide here whether the arbitration provisions in issue are unconscionable or whether they are part of a contract that is illegal and therefore void from its inception. Those are issues for the trial court to decide under our holding here. We note, however, that the U. S. Supreme Court indicated in *First Options v. Kaplan*, 514 U. S. 938 (115 SC 1920, 131 LE2d 985) (1995), that "[w]hen deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally . . . should apply ordinary state-law principles [governing] the formation of contracts. [Cits.]" Id. at 944 (II). But "[c]ourts should not assume that the parties agreed to arbitrate arbitrability unless there is 'clear and unmistakable' evidence that they did so. [Cits.]" Id. This principle was followed in *Results Oriented*, supra, 245 Ga. App. at 440. It should be followed in this case as well. Because we have concluded that the trial court correctly denied Stewart's motion to compel arbitration, we affirm the trial court's ruling.

---

[6] In *Crawford v. Results Oriented*, 273 Ga. 884 (548 SE2d 342) (2001), the Supreme Court affirmed this court's decision regarding unconscionability, holding that it is "correct and consistent with the United States Supreme Court's recent holding in *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U. S. 79 (121 SC 513, 148 LE2d 373) (2000)." Id. at 885.

2. Because the plaintiffs have requested that we consider the cross-appeal only if we reverse the trial court's ruling, we need not consider the cross-appeal. It is therefore dismissed.

*Judgment affirmed in Case No. A03A1560. Appeal dismissed in Case No. A03A1561. Ruffin, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 14, 2003.

*Troutman Sanders, Norman L. Underwood, Alan W. Loeffler, Fortson, Bentley & Griffin, Roy E. Manoll III, Michael T. Thornton,* for appellants.

*Bondurant, Mixson & Elmore, Jeffrey O. Bramlett, David G. Brackett, Adrienne P. Ashby, Ashley Carraway, Stacy E. Reynolds, Dennis Goldstein, Roy E. Barnes, Stacy Canan, Deborah Zuckerman,* for appellees.