## A04A0926. HARRIS et al. v. SAL FINANCIAL SERVICES, INC.
### (606 SE2d 293)

ADAMS, Judge.

We granted an interlocutory appeal to review the trial court's order granting the motion of defendant/appellee SAL Financial Services, Inc. ("SAL") to compel arbitration and stay proceedings in the trial court.[1] We now conclude that the trial court erred in determining that an arbitrator, and not the court, should determine whether the arbitration provision at issue in this case is enforceable, and reverse and remand this case for reconsideration in light of this opinion.

The facts underlying this appeal are as follows: Charles Warren Jordan hired J. Houston Lennard, an attorney, to establish a charitable remainder trust. Lennard was also named trustee of the trust. Lennard, as trustee, entered into a New Account Application and Client Account Agreement with the predecessor of SAL. Lennard signed these documents above the line that said "Customer" and the line that said "Registered Representative." The document was also signed by Edward C. Bonowitz as "Supervisory Principal" of SAL. These agreements allowed Lennard, a licensed stockbroker, to act as a stock and investment broker for the trust and to buy and sell securities on behalf of the trust. The following language appeared just above the signature lines: "I/WE UNDERSTAND THAT THE CUSTOMER AGREEMENT ON THE REVERSE OF THIS APPLICATION CONTAINS IN NUMBERED PARAGRAPH 19 A PREDISPUTE ARBITRATION CLAUSE REQUIRING ALL DISPUTES UNDER THIS AGREEMENT TO BE SETTLED BY BINDING ARBITRATION. BY SIGNING BELOW CUSTOMER ACKNOWLEDGES RECEIVING A COPY OF THIS AGREEMENT."

Jordan's family became dissatisfied with Lennard's handling of the trust, and the plaintiffs, who are the trustees who replaced Lennard and a representative of Jordan, filed suit against Lennard and his law firm alleging breach of fiduciary duties, fraud, and wanton and deliberate damage to the trust. The plaintiffs subsequently amended their complaint and filed suit against SAL, alleging, inter alia, that SAL failed to properly supervise Lennard with regard to the investments and other transactions he made on behalf of the trust, and that SAL breached the fiduciary obligation it owed to the trust as its brokerage company by failing to act with reasonable diligence to ensure that Lennard did not have a conflict of interest by acting as the broker, trustee and attorney for the trust.

---

[1] In *Phillips Constr. Co. v. Cowart Iron Works*, 250 Ga. 488, 489 (299 SE2d 538) (1983), our Supreme Court held that because a trial court's decision on a motion to stay judicial proceedings pending arbitration has "significant consequences," parties should be allowed to appeal these decisions immediately.

SAL moved to stay the court action and compel arbitration pursuant to the arbitration provision contained in the client/account agreement Lennard had signed on behalf of the trust. Plaintiffs challenged the motion to compel arbitration, arguing that the arbitration provision was unenforceable because Lennard executed it while impermissibly acting as an agent of both the trust and SAL. The trial court, relying on *Merrill Lynch, Pierce, Fenner & Smith v. Wilbanks*, 162 Ga. App. 154, 155 (290 SE2d 122) (1982) granted SAL's motion and compelled arbitration under the Federal Arbitration Act.[2]

"Similar to our review of the grant of summary judgment, which involves the elimination of all genuine issues of material fact, the standard of review from the grant of a motion to compel arbitration is whether the trial court was correct as a matter of law. *Tigner v. Shearson-Lehman Hutton, Inc.*, 201 Ga. App. 713, 715 (411 SE2d 800) (1991)." *Moore & Moore Plumbing v. Tri-South Contractors*, 256 Ga. App. 58, 60-61 (1) (567 SE2d 697) (2002).

In *Merrill Lynch, Pierce, Fenner & Smith v. Wilbanks*, 162 Ga. App. at 155, this court, relying on the seminal United States Supreme Court case of *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U. S. 395 (87 SC 1801, 18 LE2d 1270) (1967) held that "where . . . the plaintiff attacks the entire contract based on allegations of fraud or breach of fiduciary duty, *rather than specifically attacking the validity of the arbitration agreement*, the issue must be decided by the arbitrator rather than by the courts." (Emphasis supplied.) In this case, the plaintiffs did not attack the validity of the client/account agreement in their original or amended complaint. In essence, the basis of their claims was that Lennard and SAL had acted negligently and breached their obligations to the trust in their performance under that agreement. However, when SAL moved to compel arbitration, plaintiffs did specifically attack the enforceability of the arbitration provision, arguing that Lennard acted improperly by binding the trust to arbitration while acting as both an agent for the trust and an agent for the brokerage company. In this situation, where the challenge is to the arbitration provision and not the entire contract, the court and not an arbitrator should decide the enforceability of the arbitration provision. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U. S. at 395; *Chastain v. Robinson-Humphrey Co.*, 957 F2d 851, 854-855 (11th Cir. 1992); *Stewart v. Favors*, 264 Ga. App. 156, 158 (590 SE2d 186) (2003). Moreover, as in *Stewart*, plaintiffs have "also presented evidence showing unconscionability,

---

[2] The parties do not dispute that the Federal Arbitration Act, 9 USC § 1 et seq., governs the agreement in this case since the purchase and sale of securities on national exchanges involves interstate commerce within the meaning of the Act.

which the trial court had the authority to consider." Id. at 159. See also *Tigner v. Shearson-Lehman Hutton, Inc.*, 201 Ga. App. at 716 (case remanded for trial court to consider whether arbitration provision was fraudulently induced in light of the parties' fiduciary relationship). Cf. *Robinson-Humphrey Co. v. Williams*, 193 Ga. App. 892, 894 (389 SE2d 345) (1989) (claim of fraud of inducement was to agreement generally, so arbitrators and not court to decide issues presented).

The trial court in this case held, however, that because the contract here did not contain a severability clause, plaintiffs' challenge must necessarily be to the entire contract. Pretermitting whether resolution of the issue of which forum should decide the challenge to the arbitration provision turns on the severability of the contract provisions, see *Results Oriented v. Crawford*, 245 Ga. App. 432, 440-441 (2) (538 SE2d 73) (2000) (court and not arbitrator should decide issue of arbitrability where contract contains severability clause), we find that the trial court erred in finding that the agreement at issue here was not severable.

> A contract is either severable or entire, depending on the parties' intent. [OCGA § 13-1-8.] In an entire contract, the whole contract stands or falls together. In a severable contract, the failure of a distinct part does not void the remainder. [OCGA § 13-1-8 (a).] The rule is that where an agreement consists of a single promise, based on a single consideration, if either is illegal, the whole contract is void. But where the agreement is founded on a legal consideration containing a promise to do several things or to refrain from doing several things, and only some of the promises are illegal, the promises which are not illegal will be held to be valid. [Cits.]

(Punctuation omitted.) *ISS Intl. Svc. Systems v. Widmer*, 264 Ga. App. 55, 61 (3) (589 SE2d 820) (2003).

As in *ISS*, a case which involved the issue of whether an unenforceable arbitration clause was severable from the remainder of the agreement, the agreement at issue in this case contained multiple promises based on multiple considerations: the agreement authorized SAL to act as an agent with respect to purchasing, selling or liquidating securities, to open and close brokerage accounts, to take any steps it determined to be necessary to complete a securities transaction and to pay banks or broker-dealers for handling transactions in the account. As consideration Lennard agreed to allow SAL on unspecified "settlement dates" to debit a bank account that would contain sufficient funds to cover the amounts due on purchases or securities and granted SAL a security interest and lien in the

securities. Additionally, the Client Account Agreement contains a provision that allows, upon written notice, amendment at any time in any respect and the termination of any and all services. Under these facts, the trial court erred in finding that the agreements were not severable.

This case is thus remanded to the trial court for reconsideration in light of this opinion. It is for the trial court in the first instance and not this court to decide the issues presented by this case relating to the validity and enforceability of the arbitration provision.[3]

*Judgment reversed and case remanded. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED OCTOBER 29, 2004.

*Chaiken & Klorfein, Fredric Chaiken, Kaufman, Miller & Sivertsen, Robert J. Kaufman, Perrell & Wright, Charlotte K. Perrell*, for appellants.

*Parker, Hudson, Rainer & Dobbs, G. Wayne Hillis, Jr., Aaron W. Lipson*, for appellee.

---

[3] Upon remand the trial court should also clarify whether subsequent rulings pertain solely to SAL, the only defendant who sought to compel arbitration in this case, or also to Lennard.