A07A0572. ASHBURN HEALTH CARE CENTER, INC. et al.
v. POOLE.
(648 SE2d 430)

MILLER, Judge.

Craig Poole, as the administrator of his mother's estate, sued Ashburn Health Care Center, Inc. and Pruitt Corporation (collectively, "Ashburn Health Care") for the wrongful death of his mother, alleging, among other things, that negligence at a nursing home owned and operated by Ashburn Health Care caused her death. Ashburn Health Care subsequently moved to compel arbitration of all claims. The trial court denied the motion, and we granted Ashburn Health Care's application for interlocutory appeal. For reasons that follow, we affirm the trial court's denial of the motion to compel arbitration.

We review the record in this case de novo to determine whether the trial court's denial of the motion to compel arbitration is correct as a matter of law. See *Cash in Advance of Florida v. Jolley*, 272 Ga. App. 282 (612 SE2d 101) (2005); *Harris v. SAL Financial Svcs.*, 270 Ga. App. 230, 231 (606 SE2d 293) (2004). So viewed, the record shows that Poole's mother was admitted to a nursing home owned and operated by Ashburn Health Care on March 2, 2004. At that time, her husband — Henry Poole — signed numerous documents at the facility, including an arbitration agreement requiring that claims relating to her care be arbitrated pursuant to the Federal Arbitration

Act. Shortly thereafter, Henry Poole was also admitted to the nursing home, and he died there on April 23, 2004. In August 2004, Poole's mother fractured her hip at the nursing home and was transferred to a hospital, where she later died. Poole then filed suit as administrator of his mother's estate.

Ashburn Health Care did not raise an arbitration defense when it initially answered Poole's complaint. In fact, it waited over three months to file its motion to compel arbitration. During this three-month period, it served and responded to several sets of written discovery. It also deposed Poole even after filing its motion to compel.

Responding to Ashburn Health Care's motion, Poole challenged the validity of the arbitration agreement and, alternatively, argued that Ashburn Health Care had waived any right to arbitrate by engaging in the litigation process. The trial court found the agreement valid but denied the motion, concluding that Ashburn Health Care had waived its arbitration rights. We need not reach this issue, however, because we agree with Poole that the arbitration agreement is invalid.

As the party seeking arbitration, Ashburn Health Care bears the burden of proving the existence of a valid and enforceable agreement to arbitrate. See *TranSouth Financial Corp. v. Rooks*, 269 Ga. App. 321, 324 (1) (604 SE2d 562) (2004). Such agreement is, at base, a contract, and the Federal Arbitration Act "does not require parties to arbitrate when they have not agreed to do so." *Volt Information Sciences v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U. S. 468, 478 (109 SC 1248, 103 LE2d 488) (1989).

Poole's mother never signed the arbitration agreement relied upon by Ashburn Health Care. Instead, her husband executed the document. Ashburn Health Care argues that an agent can bind a nonsignatory to an agreement governed by the Federal Arbitration Act and that Henry Poole acted as his wife's apparent agent at the time of her nursing home admission. See *Thomson-CSF, S.A. v. American Arbitration Assn.*, 64 F3d 773, 777 (2d Cir. 1995).[1]

"The relationship of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him or subsequently ratifies the acts of another in his behalf." OCGA § 10-6-1. Although apparent authority may give rise to an agency relationship, such authority must be based on "statements or conduct of *the alleged principal* [that] reasonably cause [a] third person to believe that the principal consents to have the act done on [her] behalf

---

[1] Ashburn Health Care does not claim that Henry Poole was his wife's actual or express agent. In fact, Poole offered evidence that his mother had granted a durable power of attorney relating to health care and financial issues to Poole and his sister, not to their father.

by the purported agent. [Cits.]" (Emphasis in original.) *Hinely v. Barrow*, 169 Ga. App. 529, 530 (313 SE2d 739) (1984). An agency finding cannot be based upon the assumption that an agency relationship exists or upon an inference drawn from the alleged agent's actions. See id. at 530-531; *Ellis v. Fuller*, 282 Ga. App. 307, 309 (1) (638 SE2d 433) (2006).

Ashburn Health Care conceded below that marriage alone does not establish an agency relationship between spouses. See *Brown v. Little*, 227 Ga. App. 484, 487 (2) (489 SE2d 596) (1997) (physical precedent only);[2] see also *Barron v. Chamblee*, 199 Ga. 591, 599-600 (4) (34 SE2d 828) (1945) (indicating that agency relationship *may* exist between husband and wife). Nevertheless, it broadly asserts on appeal — without any supporting citations to the record — that "the facts establish that [Henry Poole] acted as the agent for his wife." We disagree.

The record shows that Poole and several other family members accompanied his parents to the nursing home on the day of his mother's admission. While the others helped Mrs. Poole, Poole and his father met with nursing home personnel outside the facility, where Poole's father signed the admission documents. Poole testified that he did not review the documents or discuss them with his father.

These circumstances do not reveal an agency relationship between Poole's parents. Mrs. Poole was not present when her husband executed the arbitration agreement, and the mere fact that he signed on the "authorized representative" line cannot establish agency. See *Hinely*, supra, 169 Ga. App. at 530-531. Moreover, although Poole was present when his father signed the document, Ashburn Health Care asserts that they did not then know that Poole held a durable power of attorney for his mother. Poole's failure to object to the arbitration agreement, therefore, could not have led Ashburn Health Care to believe that Poole had given his father apparent authority to execute the document.

On appeal, Ashburn Health Care has offered no legal or factual basis for finding an agency relationship in this case. For example, it has not shown that Poole's mother acted in a way that raises an inference of agency. It also has not demonstrated that she knew about the arbitration agreement, authorized her husband to sign the document, or otherwise agreed to arbitrate claims arising out of her nursing home stay. See *Hinely*, supra, 169 Ga. App. at 530-531;

---

[2] We note that, while *Brown* is physical precedent only (see Court of Appeals Rule 33 (a)), it has been cited with approval and without qualification in other cases that serve as binding precedent. See, e.g., *Whiten v. Murray*, 267 Ga. App. 417 (599 SE2d 346) (2004); *Drake v. Wallace*, 259 Ga. App. 111 (576 SE2d 87) (2003); *Nat. Counsel on Compensation Ins. v. Strickland*, 241 Ga. App. 504 (526 SE2d 924) (1999).

compare *Barron*, supra, 199 Ga. at 599 (4) (evidence permitted finding of agency relationship where husband acted for his wife in her presence, without objection from wife); *Aronoff v. Woodard*, 47 Ga. App. 725 (5) (171 SE 404) (1933) (agency relationship arises where wife knowingly and without objection permits husband to manage and control her property).

Simply put, Ashburn Health Care failed to establish that Henry Poole acted with actual or apparent authority in signing the arbitration agreement, thereby waiving his wife's litigation rights. Accordingly, the agreement is not enforceable against Poole's mother or her estate, and the trial court properly denied the motion to compel arbitration. See *TranSouth*, supra, 269 Ga. App. at 324 (2). Although the trial court found the agreement to be valid but denied the motion to compel on other grounds, we will affirm a judgment that is right for any reason. See *Stewart v. Favors*, 264 Ga. App. 156, 157 (1) (590 SE2d 186) (2003); see also *Nelson v. Polk County Historical Society*, 216 Ga. App. 756, 758 (3) (456 SE2d 93) (1995).

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED JUNE 20, 2007 — 

*Hawkins & Parnell, David C. Marshall*, for appellants.
*Cauthorn & Nohr, Jason L. Nohr*, for appellee.